**IOWA SUPREME COURT BOARD OF PROFESSIONAL ETHICS AND CONDUCT, Complainant,**

v.

**Charles T. MATTSON, Respondent.**

No. 96–1689.

Supreme Court of Iowa.

Jan. 22, 1997.

Norman G. Bastemeyer and Charles L. Harrington, Des Moines, for complainant.

Frederick G. White, Waterloo, for respondent.

Considered by McGIVERIN, C.J., and LARSON, LAVORATO, NEUMAN, and ANDREASEN, JJ.

McGIVERIN, Chief Justice.

This attorney disciplinary proceeding involves respondent Charles T. Mattson's handling of his client trust account. A division of our Grievance Commission (Commission) found Mattson violated three disciplinary rules and recommended his license to practice law be suspended for not less than ninety days. Upon review, we agree with the Commission's findings but suspend respondent's license for six months.

I. *Background facts and proceedings.* Charles T. Mattson is licensed to practice law in our courts and is engaged in a solo practice in Waterloo. He maintains a client trust account in a Waterloo bank and does his own bookkeeping in connection with that account. The record shows the following facts.

In October 1993 Mattson placed an order for some abstracting work with the Black Hawk County Abstract Company on behalf

of his client, Lehman Trucking and Excavating, Inc., and received a check from the client which included $113 for the abstracting bill. Instead of using the $113 to pay the abstracting bill, Mattson deposited the funds in his personal account. In February 1994 Mattson similarly arranged for abstracting work on behalf of three Taco John's management corporations and received funds from those corporations for payment of the abstracting bill. Mattson deposited a portion of the funds in the client trust account and the remainder in his personal account.

In order to pay the abstracting bills incurred by Lehman Trucking, the Taco John's management corporations, and another client, Mattson withdrew $856 in trust account funds belonging to yet another client, Connolly Brothers. Mattson testified that he considered those funds to be part of the fee owed to him by Connolly Brothers. However, Mattson initially told a Client Security Commission auditor the withdrawn funds were used to pay an abstracting bill incurred by Connolly Brothers. The following day, Mattson told the auditor his previous explanation was untruthful, and the Connolly funds had actually been used to pay the abstracting bills for other clients.

There were other irregularities in connection with the client trust account. In 1994 the client trust account was overdrawn several times, and at times the account had negative balances for some clients. Mattson failed to maintain complete records for the client trust account. In addition, Mattson sometimes withheld cash from funds to be deposited into the account rather than depositing the entire amount and writing checks for expenses or fees. He previously had been told by the auditor that this practice was improper.

Based on Mattson's handling of his client trust account, complainant Iowa Supreme Court Board of Professional Ethics and Conduct (Board) filed a complaint against Mattson alleging violations of several provisions of the Iowa Code of Professional Responsibility for Lawyers (Code). *See* Iowa Sup.Ct. R. 118.5. Mattson answered the complaint and appeared, along with his counsel, at a hearing before a division of the Commission. *See*

*id.* 118.7. The Commission determined that the admissions in Mattson's answer and the evidence supported the allegations of the complaint. The Commission recommended suspension of Mattson's license to practice law for not less than ninety days. *See id.* 118.9. Mattson did not appeal.

■ II. *Proof burden and standard of review.* The Board must establish by a convincing preponderance of the evidence that respondent has violated the Code as charged. *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Sikma*, 533 N.W.2d 532, 535 (Iowa 1995).

■ When respondent does not appeal the Commission's recommendation, we review de novo the record made before the Commission, determine the matter, and impose any appropriate discipline, which can be a lesser or greater sanction than the discipline recommended by the Commission. Iowa Sup.Ct. R. 118.10. In so doing, we take into account several considerations, including "the nature of the alleged violations, the need for deterrence, protection of the public, maintenance of the reputation of the bar as a whole and the respondent's fitness to continue in the practice of law." *Committee on Prof'l Ethics & Conduct v. Blomker*, 379 N.W.2d 19, 21 (Iowa 1985).

■ III. *Violations of the Code.* The Commission concluded that Mattson's conduct violated several provisions of the Code. Specifically, it found Mattson's handling of his client trust account violated DR 9–102(A) (lawyer shall maintain clients' funds in trust account); DR 9–102(B)(3) (lawyer shall maintain complete records of all clients' funds coming into lawyer's possession and shall render appropriate accountings); and DR 9–103(A) (lawyer shall maintain current records adequate to show compliance with DR 9–102). The Commission also concluded that Mattson's knowing misrepresentation to the Client Security Commission auditor concerning payment of the abstracting bill constituted a violation of DR 1–102(A)(4) (lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation). However, the Commission pointed out that Mattson "promptly corrected his dishonest statements

in that regard" and determined that the violation of DR 1–102(A)(4) "should not be given significant weight in determining disciplinary action" against Mattson.

After reviewing the record in this case, we conclude that a convincing preponderance of the evidence supports the Commission's findings and conclusions regarding Mattson's violations of the Code.

■ IV. *Discipline.* In determining the appropriate discipline for Mattson's misconduct, we consider both aggravating and mitigating circumstances. *Committee on Prof'l Ethics & Conduct v. Wenger,* 469 N.W.2d 678, 680 (Iowa 1991). In *Iowa Supreme Court Board of Professional Ethics & Conduct v. Gottschalk,* 553 N.W.2d 322, 325 (Iowa 1996), we discussed sanctions in discipline cases involving misappropriation of funds by an attorney. Disciplines have ranged from substantial periods of license suspension to revocation.

A prior disciplinary record also aggravates the matter in Mattson's case. In 1991 we publicly reprimanded Mattson both for preparing and serving a subpoena in a manner which violated the Iowa Rules of Criminal Procedure and Iowa Code section 720.5 (1989) and for failing to respond to the notices of the resulting complaint from the Committee on Professional Ethics & Conduct in violation of DR 1–102(A)(5) and (6). In 1993 we suspended Mattson's license for failure to comply with the requirements of both the Commission on Continuing Legal Education and the Client Security and Attorney Disciplinary Commission. His license was later reinstated.

On the other hand, the Grievance Commission found there was no evidence that Mattson's misconduct resulted in any loss of client funds or harm to a client. Statements from some judges and lawyers were to the effect that Mattson is a competent and respected attorney. In addition, we note that Mattson has indicated a willingness to engage the help of an accountant to maintain appropriate records for his client trust account.

After considering the Code violations in the present case, the public interest need and requirement that attorneys closely observe client trust account rules and procedures, respondent's prior disciplinary record and the factors favorable to respondent, we conclude that a longer license suspension is warranted than that recommended by the Commission.

Accordingly, we suspend Mattson's license to practice law in the State of Iowa indefinitely with no possibility of reinstatement for six months from the date of this opinion. Upon application for reinstatement, Mattson must show that he has obtained assistance from and will use a bookkeeper or accountant to maintain complete and accurate records for his client trust account.

Costs are taxed to Mattson pursuant to Iowa supreme court rule 118.22.

**LICENSE SUSPENDED.**