**IOWA SUPREME COURT BOARD OF PROFESSIONAL ETHICS AND CONDUCT, Complainant,**

v.

**Donald GONNERMAN, Respondent.**

**No. 99–621.**

Supreme Court of Iowa.

Oct. 13, 1999.

Considered by McGIVERIN, C.J., and LARSON, NEUMAN, SNELL, and TERNUS, JJ.

LARSON, Justice.

The Iowa Supreme Court Board of Professional Ethics and Conduct (the board) charged attorney Donald Gonnerman with violations of the Iowa Code of Professional Responsibility arising out of his alleged mishandling of a probate case and his failure to respond to inquiries from the board. Our grievance commission concluded Gonnerman committed the violations as charged and recommended a thirty-day suspension. Gonnerman appealed from the commission's report. We give respectful consideration to the commission's recommendations, but we are not bound by them. *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Blazek,* 590 N.W.2d 501, 502 (Iowa 1999). On our

review of the record under Court Rule 118.11, we agree with the findings of the commission and suspend this respondent's license to practice law with no possibility of reinstatement for one month.

 The board's complaint arose out of Gonnerman's handling of the estate of Ida Belle Jarrett in Polk County. The estate was opened in August 1989, and Gonnerman was designated as attorney for the estate. As of the time of the Grievance Commission hearing, in November 1998, Gonnerman still had not closed the estate. This was so despite twelve notices of delinquency sent by the clerk of the district court and even a public reprimand by this court. On one occasion during the pendency of the estate, Gonnerman stated he would withdraw, but he even failed to do that. The board mailed letters of inquiry to Gonnerman concerning this estate on August 20, 1996; February 10, 1997; March 24, 1997; April 15, 1997; August 11, 1997; September 18, 1997; and October 29, 1997. Gonnerman did not respond to any of them.

The board filed this complaint on August 24, 1998. The complaint alleged Gonnerman's failure to complete the Jarrett estate matter, his failure to respond to the twelve notices of delinquency by the clerk of district court, and his failure to respond to the board's inquiries.

The commission found Gonnerman's failure to cure the probate delinquencies violated DR 6–101(A)(3) (neglect of a legal matter). It also found his failure to cure these delinquencies and his failure to respond to the board's inquiries violated DR 1–102(A)(5) (conduct prejudicial to the administration of justice) and DR 1–102(A)(6) (conduct reflecting adversely on fitness to practice law).

Our review is de novo. *Blazek,* 590 N.W.2d at 502. The board must prove its case by a convincing preponderance of the evidence. *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Carr,* 588 N.W.2d 127, 129 (Iowa 1999). We agree with the commission that Gonnerman has violated the disciplinary rules set out above and should be sanctioned accordingly. We note Gonnerman was admonished by this court in 1993 and that he was publicly reprimanded in 1996 for his failure to close the Jarrett estate. We consider these prior disciplinary matters as aggravating circumstances in determining the sanction to ·be imposed. *See Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Mattson,* 558 N.W.2d 193, 195 (Iowa 1997).

Accordingly, we order that the respondent's license to practice law be suspended indefinitely, but for not less than one month from the filing of this opinion. Upon application for reinstatement, Gonnerman shall have the burden of proving that he has complied with all conditions for reinstate ment under our rules. Specifically, he must prove he has not practiced law during the suspension period and that he has met the requirements for client notification provided by Court Rule 118.18. In addition, the respondent, as a condition of reinstatement, shall show that within twenty days of the filing of this opinion he has secured other counsel to complete the proceedings in the Jarrett estate.

Costs of this proceeding are assessed to the respondent pursuant to Court Rule 118.22.

**LICENSE SUSPENDED.**