### IOWA SUPREME COURT BOARD OF PROFESSIONAL ETHICS AND CONDUCT, Complainant,

v.

### Steven A. STEFANI, Respondent.

### No. 00–210.

Supreme Court of Iowa.

Sept. 7, 2000.

Norman G. Bastemeyer and Charles L. Harrington, Des Moines, for complainant.

Alfredo Parrish, Des Moines, for respondent.

SNELL, Justice.

This case comes to us for review of the recommendation of our grievance commission to suspend the license to practice law of Steven A. Stefani for a period of six months. Upon review, we agree with the commission's report and order respondent's license suspended for six months.

Our review of the record is de novo. Ct. R. 118.10. We give respectful consideration to the recommendations of the commission. However, the ultimate decision on what discipline is appropriate rests with this court. *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Beckman*, 557 N.W.2d 94, 95 (Iowa 1996).

Charges against Stefani were brought in this attorney disciplinary proceeding by the Iowa Supreme Court Board of Professional Ethics and Conduct.

I. Olson Complaint

The Board accused Stefani of neglecting a client's legal matter and lying to the client about the status of the case. The violations cited were DR 1–102(A)(4) (misrepresentation) and DR 6–101(A)(3) (neglect). *See Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Jones*, 606 N.W.2d 5, 8 (Iowa 2000); *Committee on Prof'l Ethics & Conduct v. Gill*, 479 N.W.2d 303, 305 (Iowa 1991).

Pamela K. Olson filed her complaint stating that Stefani had failed to carry out his professional responsibilities in processing her lawsuit through an appeal to the United States Supreme Court. Stefani had represented her in her suit against her former employer, the Dubuque Community School District, under the Americans with Disabilities Act. She had exhausted her administrative remedies with no success and had been refused representation by three other attorneys. Stefani took her case on a contingency basis and never received any fee.

The case was filed in federal court. Summary judgment for the defendant was granted; the Eighth Circuit Court of Appeals affirmed the judgment.

During the period prior to filing the Eighth Circuit brief, Stefani was residing in a halfway house as a result of cocaine addiction. A colleague in Stefani's law firm drafted and filed the brief.

After the decision by the circuit court, Olson communicated with Stefani about the further appeal. The commission noted that Olson was very knowledgeable and articulate about the case and was intensely interested in the progress of her legal claim. When Stefani met with Olson, he indicated that he did not want to pursue the claim, and did not have enough experience or resources to do so. However, he was somewhat ambivalent about it and did not send her a letter of disengagement.

Olson had requested that Stefani file for extensions of time so that Olson could find funding and other representation. No applications for extension of time were ever filed and the time for appeal expired about the time Stefani told her he would not prepare a petition for writ of certiorari. During this period, Olson became aware

that Stefani was personally charged with criminal offenses.

The commission found, and we agree, that there was considerable uncertainty as to whether Stefani had agreed to further representation. During a July 15, 1998 phone conference Stefani told Olson he did not want to pursue the case to the United States Supreme Court. She also learned that an appointment on July 18, 1998 had been canceled by Stefani's secretary.

Olson remained steadfast in her desire to further pursue the litigation even though Stefani and another attorney in his law firm communicated a lack of interest in litigating and funding a doubtful claim to the United States Supreme Court. Olson, however, was not receptive to the response from her attorneys.

We agree with the commission that Stefani and Olson were jointly responsible for the miscommunication and misunderstanding as to the specific time of the termination of Stefani's legal representation. Under these circumstances, we find, as did the commission, that the Board did not prove by a preponderance of the evidence that Stefani neglected Olson's claim.

## II. Criminal Charge

On November 19, 1996, Stefani pled guilty in the United States District Court, Northern District of Iowa, to possession of cocaine in violation of 21 U.S.C. § 844 (1990). This crime is a misdemeanor. *See United States v. Baggett,* 890 F.2d 1095, 1097 (10th Cir.1990). On November 25, 1996, the court placed Stefani on pre-judgment probation. The federal court revoked his probation on March 13, 1997, placing him under supervision pending sentencing. On August 27, 1997, Stefani submitted a urine sample to the Sedlacek Treatment Center in Cedar Rapids. It tested positive for cocaine.

On September 16, 1997, the federal court sentenced Stefani on the possession charge and ordered that he serve three months in a community correction center followed by three years probation. About a year later, in August or September 1998, Stefani possessed and used cocaine in violation of federal law and the terms of his supervised release. On October 2, 1998, the United States District Court ordered Stefani to enter an in-patient treatment program by October 9, 1998. Stefani claimed that he entered such a program at the University of Iowa Hospitals but that the admission process was not completed due to the facility's time constraints. Because he did not timely enter the in-patient treatment program, he was arrested on October 14, 1998. He was then released to his father's custody on the condition that his father deliver him to an in-patient drug center. Stefani now admits that he was not admitted to a treatment program by October 9, 1998, as ordered by the federal court but was admitted to one on October 16, 1998. Stefani did enter the Sedlacek Treatment Center on October 16, 1998. Following his discharge from the Center, he failed to report for probation supervision as required. On or about November 3, 1998, a warrant was issued for his arrest. Stefani claims that he absconded because he feared for his and his family's safety. Nevertheless, he failed to notify the court, his probation officer, and the grievance commission of his whereabouts, his reason for leaving, or his expected time of return.

On June 7, 1999, the federal court sentenced Stefani to fifteen days imprisonment upon his plea of guilty to simple possession of a controlled substance (second offense).

Stefani admitted at the hearing before the commission that he is addicted to cocaine. He has not resumed the practice of law.

The Board charged that Stefani's criminal conduct in possessing and/or using cocaine following his guilty plea and public reprimand violated Iowa Code of Professional Responsibility for Lawyers, DR 1–102(A)(5) and (6). These rules cite as misconduct a lawyer's engaging in conduct

that is prejudicial to the administration of justice and conduct that adversely reflects on the fitness of a person to practice law. The commission found that both charges were proved. Upon our review, we agree. *See Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Runge,* 588 N.W.2d 116, 118 (Iowa 1999); *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Marcucci,* 543 N.W.2d 879, 881–83 (Iowa 1996).

### III. Failure to Respond

The Board also charged Stefani with a failure to respond to legal notices sent by the Board. A notice was sent by certified letter concerning the Pamela Olson complaint. The United States Postal Service returned the letter marked "unclaimed." Stefani also failed to respond to a notice personally served at the Linn County jail regarding this complaint.

In granting a continuance as requested by Stefani, the commission ordered that he notify the clerk of the grievance commission within two days of his release from Sedlacek Treatment Center so that a hearing before the commission could be rescheduled. Stefani failed to so notify the commission. The Board charged, and the commission found, that Stefani's failure to respond violated DR 1–102(A)(5) and (6) as described in division II of this opinion. *See Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Gonnerman,* 601 N.W.2d 34, 35 (Iowa 1999). We agree with the commission's decision.

### IV. Sanction

In reaching our decision, we give respectful consideration to the commission's findings. *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Hoffman,* 572 N.W.2d 904, 907 (Iowa 1997). In this matter, we conclude, as the commission recommended, that Stefani's license should be suspended. Accordingly, we suspend Steven A. Stefani's license to practice law indefinitely, with no possibility of reinstatement for six months from the filing of this opinion. Upon application for reinstatement, respondent shall furnish proof that he has successfully completed the treatment programs for drug addiction as ordered by the courts. Stefani shall also comply with the requirements of court rules 118.3 and 118.18. Costs are assessed to respondent.

**LICENSE SUSPENDED.**

All justices concur except CARTER, J., who takes no part.