IOWA SUPREME COURT BOARD OF PROFESSIONAL ETHICS AND CONDUCT, Complainant,

v.

Alan L. BERNARD, Respondent.

No. 02–0731.

Supreme Court of Iowa.

Nov. 14, 2002.

Norman G. Bastemeyer and Charles L. Harrington, Des Moines, for complainant.

Alan L. Bernard, Cedar Rapids, respondent, pro se.

CADY, Justice.

This case is before us on a report of a division of the Grievance Commission of the Supreme Court of Iowa. The Grievance Commission found Alan L. Bernard violated the Iowa Code of Professional Responsibility by committing a criminal act, making a false statement to the Iowa Supreme Court Board of Professional Ethics and Conduct, and neglecting client matters. The Commission recommended a one-year suspension. Upon our respectful consideration of the matter, we find Bernard violated the Code of Professional Responsibility as alleged, and suspend his license to practice law indefinitely with no possibility of reinstatement for one year.

## I. Commission Report.

Alan Bernard was admitted to practice law in Iowa in 1980. He maintained an office in Des Moines as a sole practitioner, and primarily engaged in criminal defense work.

Unfortunately, Bernard developed an addiction to alcohol during his years of practice. To compound matters, he began using methamphetamine in 1999, and became addicted to the drug within a short period of time. In the months that followed, Bernard was frequently tardy for court appearances and, at other times, failed to appear without explanation. In January 2000, a judge reported his delinquent actions to the Board of Professional Ethics and Conduct by filing a written complaint.

A few weeks later, Bernard was arrested by Marion County law enforcement officers for the crime of delivery of methamphetamine. He was subsequently charged with multiple counts of the crime. The arrest and prosecution were prominently reported by the print media.

The Board promptly notified Bernard of the neglect complaint filed against him. Bernard submitted a written response to the Board. In his response, he denied any current or past "methamphetamine substance abuse problem."

In November 2000, Bernard was suspended from practicing law under Iowa Court Rule 121 for failing to file a client security statement with the Client Security and Attorney Disciplinary Commission, and to pay the annual fee. The following month, he pled guilty to two counts of an amended charge of possession of methamphetamine, a serious misdemeanor. Bernard was sentenced in January 2001. He was ordered to serve twenty days of a suspended jail sentence and was placed on probation for two years.

Bernard entered a drug and alcohol treatment program following the sentencing. He completed the program and has

regularly attended Alcoholics Anonymous meetings since that time. He has maintained his sobriety. He later moved to Cedar Rapids, where he began work as the director of stadium operations and sales for the Cedar Rapids Kernels baseball team, an affiliate of the Anaheim Angels.

The Board filed a two-count complaint against Bernard on February 5, 2002. The first count alleged criminal misconduct involving possession of methamphetamine. The second count alleged two grounds of professional misconduct. The first was client neglect and the second involved making a false response to the Board. The false statement concerned his denial of a substance abuse problem in the written response to the original neglect complaint. Bernard admitted the allegations, including the false response to the Board. At the hearing before the Commission, Bernard testified he made the false statement because he was in denial of his drug problem at the time.

The Commission concluded Bernard committed misconduct. It found the misconduct involving the criminal convictions for possession of methamphetamine violated Iowa Code of Professional Responsibility DR 1–102(A)(1) (violation of disciplinary rule) and (6) (conduct that adversely reflects on fitness to practice law). It found the conduct involving his late and missed court appearances and false statement to the Board violated DR 1–102(A)(1), (4) (conduct involving dishonesty or misrepresentation), (5) (conduct prejudicial to administration of justice), and (6) and DR 6–101(A)(3) (neglect of client's legal matter). The Commission recommended Bernard be suspended for one year.

## II. Scope of Review.

 We review attorney disciplinary proceedings de novo. *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Mulford,* 625 N.W.2d 672, 679 (Iowa 2001). We are not bound by the findings of the Commission, but we give them weight. *Id.* We also "consider the discipline recommended by the Commission," but are not bound to follow it. *Id.* The Board has the burden to prove disciplinary violations by a " 'convincing preponderance of the evidence.' " *Id.* (citation omitted).

## III. Violations.

 Bernard did not dispute the relevant facts or that his conduct violated our Code of Professional Responsibility. *See Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Stefani,* 616 N.W.2d 550, 552–53 (Iowa 2000) (unlawful possession of controlled substance constitutes a violation); *In re Edwards,* 694 N.E.2d 701, 713 (Ind. 1998) (unjustified failure to appear at court hearing violates rules of professional conduct); *Comm. on Prof'l Ethics & Conduct v. Hall,* 463 N.W.2d 30, 33 (Iowa 1990) (false statement to committee violates rules of professional conduct). He did claim his false statement to the Board was a product of his addiction, and he was in a state of denial at the time the statement was made. Nevertheless, his drug and alcohol addiction does not excuse his conduct. *See Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Grotewold,* 642 N.W.2d 288, 293 (Iowa 2002) (false statement constituted misrepresentation despite state of depression suffered by lawyer).

We agree with the conclusion of the Commission that Bernard's conduct violated the Code of Professional Responsibility as alleged. We turn to consider the appropriate discipline.

## IV. Discipline.

 "In determining the appropriate discipline, we consider 'the nature of the alleged violations, the need for deterrence,

protection of the public, maintenance of the reputation of the [bar] as a whole, and the respondent's fitness to continue in the practice of law.'" *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Hohenadel,* 634 N.W.2d 652, 655 (Iowa 2001) (citation omitted). We also take into account "both aggravating and mitigating circumstances." *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Mears,* 569 N.W.2d 132, 134 (Iowa 1997).

Our prior disciplinary cases have not collectively considered the nature of the violations involved in this case in a single proceeding. However, we have suspended a lawyer for six months for possession of cocaine and failure to respond to the Board. *See Stefani,.* 616 N.W.2d at 553. We recently suspended an alcoholic lawyer for four months based on client neglect and misrepresentation to a judge. *See Hohenadel,* 634 N.W.2d at 657. Even more recently, we imposed a sixty-day suspension in a case involving a lawyer suffering from depression who neglected client matters, misrepresented a matter to the court, and failed to respond to the Board. *See Grotewold,* 642 N.W.2d at 296. Notwithstanding, "there is no standard discipline for a particular type of attorney misconduct." *Hohenadel,* 634 N.W.2d at 655. Each case rests on its own facts, viewed in light of the relevant governing considerations.

■ In considering the nature of the violations in this case, we have stated that misrepresentation by a lawyer "constitutes a grave and serious breach of professional ethics." *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Stein,* 603 N.W.2d 574, 576 (Iowa 1999). Similarly, criminal conduct committed by lawyers, including drug and substance abuse crimes, constitutes serious violations of our code of ethics. *See Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Ruth,* 636 N.W.2d 86,

89 (Iowa 2001); *State ex rel. Oklahoma Bar Ass'n v. Giger,* 37 P.3d 856, 864 (Okla. 2001) (conduct by a lawyer involving the use of illegal drugs "is incompatible with the practice of law"). This conduct not only adversely impacts the fitness of a lawyer to practice law, it impugns the reputation of the profession as a whole.

We recognize Bernard has had no prior disciplinary problems. We also recognize that he eventually acknowledged his addiction, sought treatment, and has maintained sobriety. Yet, the discipline we impose must reflect the serious nature of his misconduct. We also give respectful consideration to the Commission's recommendation. *See Mulford,* 625 N.W.2d at 679.

In view of the relevant factors, together with all aggravating and mitigating circumstances, we agree with the recommendation of the Commission that a one-year suspension is appropriate. We suspend Bernard's license to practice law indefinitely with no possibility of reinstatement for one year. This suspension applies to all facets of the practice of law. Iowa Ct. R. 35.12. Upon any application for reinstatement, Bernard must establish that he has not practiced law during the suspension period and that he has in all other ways complied with the requirements of Iowa Court Rule 35.21. Costs of this action are taxed to Bernard pursuant to Iowa Court Rule 35.25.

**LICENSE SUSPENDED.**