**IOWA SUPREME COURT BOARD OF PROFESSIONAL ETHICS AND CONDUCT, Appellee,**

v.

**Dewey P. SLOAN, Jr., Appellant.**

**No. 04–1567.**

Supreme Court of Iowa.

Feb. 25, 2005.

Bruce L. Walker of Phelan, Tucker, Mullen, Walker, Tucker & Gelman, L.L.P., Iowa City, for appellant.

Charles L. Harrington and Teresa A. Vens, Des Moines, for appellee.

LARSON, Justice.

The grievance commission of this court has found the respondent, Dewey P. Sloan, Jr., has violated our Code of Professional Responsibility for Lawyers and has recommended suspension of his license for a minimum of ninety days. On our review of the commission's findings and recommendation, we conclude the violations have been established by the requisite standard of proof, and we order his license suspended for a minimum of three months.

The respondent has practiced law since 1987. He has most recently been practicing in LeMars, Iowa. In 2003 he was charged with three drug offenses: Count I—gathering where drugs are used (Iowa Code section 124.407 (2003), a serious misdemeanor); Count II—possession of drug paraphernalia (Iowa Code section 124.414, a simple misdemeanor); and Count III—possession of crack cocaine (Iowa Code section 124.401(5), a serious misdemeanor). Under a plea agreement, Sloan pled guilty to Counts II and III, and the court dismissed Count I. Sloan was fined $50 on Count II; on Count III, he received a 180–day suspended sentence with one year probation, revocation of his driver's license for 180 days, and a $250 fine. He was also ordered to complete substance-abuse treatment, abstain from all mind-altering substances, and provide random drug specimens.

Sloan spent one month at Keystone Treatment Center in South Dakota, where he completed their inpatient treatment program. He also received treatment as an outpatient at the Jackson Recovery Center in LeMars. This center recommended outpatient treatment for five years with random drug testing. The Supreme Court Board of Professional Ethics and Conduct filed a complaint against Sloan in March 2004. In July 2004 the board and Sloan filed a stipulation of facts, basically setting out the facts as outlined above. In addition, Sloan admitted violations of DR 1–102(A)(1) (lawyer shall not violate a disciplinary rule) and DR 1–102(A)(6) (lawyer shall not engage in conduct adversely reflecting on his fitness to practice law).

The stipulation noted, as mitigating circumstances, that Sloan had completed inpatient treatment in South Dakota and outpatient treatment at the LeMars facility. It also noted aggravating circumstances, including Sloan's representation of drug-case defendants and his resulting familiarity with "the impact of illegal drugs on both individuals and the community." In addition, Sloan had represented a defendant, Richard Myers, in an unrelated drug case, despite the fact that Sloan had witnessed Myers' drug-trafficking activities. In fact, reports by investigating officers revealed that it was Sloan's personal involvement in Myers' drug activities that led to Sloan's own problems with the law.

As a part of the stipulation, it was agreed that a sixty-day suspension of Sloan's license would be appropriate, although the stipulation acknowledged that "[t]he parties understand and agree that neither the Grievance Commission nor the Iowa Supreme Court is bound by its recommendation."

The grievance commission found the facts as set out above. The commission found that Sloan had illegally used drugs with Myers and that the district court had removed Sloan as Myers' attorney because of his conflict of interest. Sloan's tenacity in obtaining drugs, the commission found, caused him to place twenty-six calls to Myers in one day to obtain drugs. The court found that a "convincing preponderance of the evidence," *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Mattson,* 558 N.W.2d 193, 194 (Iowa 1997), supported a finding that Sloan had violated DR 1–102(A)(1) and DR 1–102(A)(6).

Despite the parties' agreement that a sixty-day suspension would be appropriate, the commission recommended a ninety-day suspension. The commission said this was

[b]ased upon Respondent's harm he has caused his client despite knowing Respondent was a witness to Myers' drug trafficking activities and with Respondent's use of illegal drugs with his own client, Myers, who was also Respondent's supplier of illegal drugs.

■ The parties correctly observed in their stipulation that the matter of sanction is solely within the authority of this court. *Comm. on Prof'l Ethics & Conduct v. Shuminsky*, 359 N.W.2d 442, 444 (Iowa 1984); *Comm. on Prof'l Ethics & Conduct v. Wollenzien*, 342 N.W.2d 490 (Iowa 1984). In resolving the question of sanctions,

> we impose an appropriate sanction, considering not only the respondent's fitness to practice law, but the need to deter others from similar conduct and assure the public that courts will uphold the ethics of the legal profession.

*Shuminsky*, 359 N.W.2d at 444–45.

■ *Shuminsky* was similar to this case in that it involved two misdemeanor convictions of drug possession. In determining the sanction to be applied, we noted the provisions of two ethical considerations. Under EC 1–5,

> "[a] lawyer ... should refrain from all illegal and morally reprehensible conduct. Because of his position in society, even minor violations of law by a lawyer may tend to lessen public confidence in the legal profession. Obedience to law exemplifies respect for law. To lawyers especially, respect for the law should be more than a platitude."

*Id.* at 445 (quoting EC 1–5). In addition, we noted that EC 9–6 provided: " 'Every lawyer owes a solemn duty ... to encourage respect for the law....' " *Id.* (quoting EC 9–6). These ethical considerations remain essentially the same today, highlighting the special responsibilities of lawyers to refrain from the type of activity in which Sloan was engaged.

■ In *Shuminsky* we suspended the respondent's license for not less than three months, *id.* at 446, and we believe that is the appropriate sanction here. Accordingly, we suspend the license of the respondent for a period of not less than three months. This suspension shall apply to all facets of the practice of law as provided in Iowa Court Rule 35.12(3) and requires notification of clients as outlined in Iowa Court Rule 35.21. Costs are assessed against the respondent, and any reinstatement shall be conditioned on his payment of costs in full.

**LICENSE SUSPENDED.**