# IN THE SUPREME COURT OF IOWA

No. 103 / 06-0649

Filed November 3, 2006

**IOWA SUPREME COURT ATTORNEY
DISCIPLINARY BOARD,**

      Complainant,

vs.

**JEFFREY M. IRELAND,**

      Respondent.

_____

On review of the report of the Grievance Commission.

The Grievance Commission reports that respondent has committed ethical misconduct and recommends a suspension. **LICENSE SUSPENDED**.

Charles L. Harrington and Wendell J. Harms, Des Moines, for complainant.

Jeffrey M. Ireland, Ozark, Missouri, respondent, pro se.

**CADY, Justice.**

The Iowa Supreme Court Attorney Disciplinary Board ("Board") charged Jeffrey M. Ireland with numerous violations of the Iowa Code of Professional Responsibility for Lawyers. The charges primarily stemmed from his neglect of client matters in two cases. The Grievance Commission ("Commission") found Ireland violated the Code of Professional Responsibility. It recommended he be suspended from the practice of law for a period of not less than six months. On our review, we find Ireland violated the Code of Professional Responsibility and impose an indefinite suspension of not less than three months.

### I. Background Facts and Proceedings

Jeffrey Ireland is an Iowa lawyer. He practiced law in Cedar Rapids, Coralville, and Panora. Ireland moved from Iowa in December 2003, and his license was placed on inactive status in February 2004. He is not licensed to practice law in any other state. Ireland received a private admonition in July 2002 and a public reprimand in December 2002. In both instances, he committed neglect by failing to advise a client of the move of his law office. Ireland resides in Ozark, Missouri, and is employed outside the legal profession.

Two complaints were filed with the Board by former clients of Ireland. These complaints form the basis of these proceedings. The core facts surrounding the complaints are not in dispute. The first complaint (count I) was brought after Ireland failed to deliver a will to a client. Ireland drafted the will for the client in April 2002, and the client paid him for his legal services. Ireland kept the original will in his possession after it was executed by the client. The client later sought possession of the will by writing a letter to Ireland. The letter requested that Ireland send the will to her. He did not respond to the letter. Moreover, Ireland

took no action to comply with the request until the client filed a complaint against him more than two years later.

The second complaint (count II) was brought after Ireland neglected a client's case. Ireland was retained by the client in April 2000 to pursue a civil rights action against an employer. The client was eventually forced to file a pro se petition with the court in October 2000, after she became concerned that Ireland would fail to file the action prior to the expiration of the statute of limitations. Ireland then amended the petition, and continued to represent the client in the litigation. Over the next two years, however, Ireland neglected the case in several ways. He was tardy in responding to discovery requests and missed several court deadlines for filing matters. He failed to keep his client apprised of the case. He also failed to pursue discovery, and failed to attend scheduled depositions. Finally, Ireland failed to resist a motion for summary judgment filed by the employer, and the case was dismissed by the court. One of the grounds to support summary judgment was that the petition was filed beyond the statute of limitations.

Ireland did not contest the core facts of the complaints. Instead, he acknowledged his conduct, and was apologetic for his transgressions. He has not practiced law for over three years, and has no plans to return to Iowa to practice law.

## II. Commission Proceedings

The Board charged Ireland with numerous violations of the Code of Professional Responsibility. The violations in count I included DR 1-102(A)(6) (conduct that adversely reflects upon fitness to practice law) and DR 9-102(B)(4) (failure to promptly deliver client property).[1] The

---

[1]Iowa has adopted the Iowa Rules of Professional Conduct, effective July 1, 2005. However, the conduct in this case occurred prior to July 1, 2005, making the Code of Professional Responsibility applicable to these proceedings.

violations in count II included DR 1-102(A)(5) (conduct prejudicial to the administration of justice), DR 1-102(A)(6), and DR 6-101(A)(1) (handle a legal matter when not competent), DR 6-101(A)(2) (handle legal matter with inadequate preparation), and DR 6-101(A)(3) (neglect of client matter). Ireland stipulated that he violated each disciplinary rule, and further stipulated to the underlying facts.

Based on the stipulation, the Commission found Ireland violated the specific provisions of the Code of Professional Responsibility. It recommended that he be suspended from the practice of law for not less than six months.

### III. Scope of Review

"We review attorney disciplinary actions de novo." *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Bernard*, 653 N.W.2d 373, 375 (Iowa 2002). "We are not bound by the findings of the commission, but we give them weight." *Id.*

### IV. Violations

An attorney who possesses property of a client that the client is entitled to receive is obligated to promptly deliver the property to the client when the client requests the property. DR 9-102(B)(4). A violation of this duty could reflect adversely on the fitness of the lawyer to practice law. DR 1-102(A)(6).

Ireland was in possession of a will belonging to a client. The client had paid Ireland for his services in connection with the preparation and execution of the will, and she was entitled to possession of the will upon request. Ireland violated DR 9-102(B)(4) when he failed to promptly deliver the will to the client after the request was made. His continual failure to comply with the duty under DR 9-102(B)(4) reflects adversely on his fitness to practice law. *See* DR 1-102(A)(6).

Attorneys are required to act competently. DR 6-101. This duty not only includes refraining from taking cases, without associating with another competent lawyer, when the lawyer knows or should know that he or she is not competent to handle the case, but also includes the lack of adequate preparation and neglect of client matters. DR 6-101(A)(1)–(3). Neglect is more than negligence, but involves indifference in the failure to advance the interests of the client when action is required. *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Moorman*, 683 N.W.2d 549, 551 (Iowa 2004). It results from extreme inaction or procrastination, and normally involves more than one act or omission. *Id.* In this case, Ireland violated all three components of the duty to practice law in a competent manner. His conduct was also prejudicial to the administration of justice, and it adversely reflected on his fitness to practice law. *See* DR 1-102(A)(5), (6).

**V. Discipline**

The Code of Professional Responsibility and the concomitant disciplinary system exist to maintain public confidence in the legal system and to provide a mechanism for policing poor lawyering. *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Honken,* 688 N.W.2d 812, 820 (Iowa 2004). In determining the appropriate discipline in an attorney disciplinary case, we consider a variety of general factors including the nature of the violation, the need for deterrence, the need for public protection, the preservation of the reputation of the legal profession, and the fitness of the lawyer to continue to practice law. *See id.*; *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Hohenadel*, 634 N.W.2d 652, 655 (Iowa 2001). We also consider any past history of discipline. *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Lane*, 642 N.W.2d 296, 302 (Iowa 2002). Harm to the client is also a consideration.

*Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Adams*, 623 N.W.2d 815, 819 (Iowa 2001). Additionally, multiple incidences of neglect are an aggravating circumstance to consider. *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Pracht*, 656 N.W.2d 123, 126 (Iowa 2003).

When neglect of client matters is the principle violation, we have observed that the discipline generally falls within the range of a public reprimand to a six-month suspension. *Moorman*, 683 N.W.2d at 553. Yet, the discipline imposed in each case depends upon the particular facts and circumstances, and this fact-based outcome for each case tends to diminish the value of precedent. *See Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Eich*, 652 N.W.2d 216, 219 (Iowa 2002).

Considering all the facts and circumstances in this case, we conclude Ireland should be indefinitely suspended from the practice of law with no possibility of reinstatement for three months. This case is a blend of neglect and incompetence that clearly signals various concerns about Ireland's fitness to practice law. The neglect perpetrated by Ireland on his clients was ongoing and profuse, and followed on the heels of prior incidents of neglect visited upon other clients. The stipulation by Ireland supports the notion that his conduct adversely reflects on his fitness to practice law, and is consistent with his decision to voluntarily leave the practice. Thus, while a suspension may not be required to protect the public, it is consistent with the need to maintain the reputation of the profession as a whole. It is also consistent with the discipline we have imposed in prior similar cases of neglect. *See Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Wickey*, 679 N.W.2d 1 (Iowa 2004) (neglect and failure to account to client, together with other conduct, warranted six-month suspension); *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Waples*, 677 N.W.2d 740 (Iowa 2004) (neglect of

client matters warranted six-month suspension); *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. McKittrick*, 683 N.W.2d 554 (Iowa 2004) (neglect of client matter and other associated conduct warranted three-month suspension); *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Frerichs*, 671 N.W.2d 470 (Iowa 2004) (neglect of client matter and failure to safeguard client property, together with other conduct, warranted four-month suspension); *Hohenadel*, 634 N.W.2d at 652 (neglect of two client matters warranted four-month suspension).

## VI. Conclusion

We suspend Ireland's license to practice law with no possibility of reinstatement for a period not less than three months from the date of filing of this opinion. The suspension applies to all facets of the practice of law. Iowa Ct. R. 35.12(3). Upon any application for reinstatement, Ireland shall have the burden to prove he has not practiced during the period of suspension and that he meets all requirements of Iowa Court Rule 35.13. The costs of this proceeding are taxed against Ireland.

**LICENSE SUSPENDED.**

All justices concur except Hecht, J., who takes no part.