# IN THE SUPREME COURT OF IOWA

No. 139 / 06-1297

Filed March 5, 2007

**IOWA SUPREME COURT ATTORNEY DISCIPLINARY BOARD**,

   Complainant,

vs.

**HUGH MICHAEL NEARY**,

   Respondent.

On review of the findings and recommendations of the Grievance Commission.

Appeal from report of Grievance Commission. **LICENSE SUSPENDED.**

Charles L. Harrington and Wendell Harms, Des Moines, for complainant.

H. Michael Neary, Ottumwa, pro se.

**PER CURIAM.**

The Iowa Supreme Court Attorney Disciplinary Board filed a complaint against the respondent, Hugh Michael Neary, charging numerous instances of misconduct arising out of his handling of probate cases. Following a hearing, our Grievance Commission found that the respondent failed to complete probate matters in a timely fashion, accepted fees prior to obtaining court authorization, failed to cooperate with the chief judge and another attorney in resolving the problems, and failed to respond to the board's inquiries. The commission recommended a minimum suspension of twelve months with conditions precedent to his readmission. We agree with the commission's recommendations.

## I. *The Facts.*

These disciplinary charges arose out of the respondent's serious neglect of thirteen probate cases—neglect that caused the clerk of the district court to send him forty-six notices of delinquency. The commission concluded that the respondent violated DR 1—102(A)(5) (lawyer shall not engage in conduct that is prejudicial to the administration of justice), DR 1—102(A)(6) (lawyer shall not engage in any conduct adversely reflecting on fitness to practice law), DR 6—101(A)(3) (lawyer shall not neglect client matters), and DR 7—101(A)(2) (lawyer to complete contract of employment). In addition, the commission found that, as to five estates, the respondent collected his fees in violation of DR 2—106(A) because he received them prematurely in violation of Iowa Court Rule 7.2(4).

Our disciplinary board, after receiving complaints regarding the probate matters, sent thirty notices to the respondent requesting his response. He received four notices each in six of the estates. The respondent failed to respond to any of the board's requests.

In addition, the commission found that the respondent had ignored requests from another attorney and the chief judge of the district to act with respect to the estates and that substantial expenses, including attorney fees, had been incurred due to his failure to promptly resolve the probate matters.

## II. *The Disposition.*

It is difficult to draw on other disciplinary cases to determine a sanction to be imposed because there are seldom identical circumstances. In this case, the respondent's substantial neglect in thirteen probate matters was exacerbated by (1) his taking of fees prematurely in five cases, (2) his failure to cooperate with the judge and another attorney, (3) his failure to respond to thirty requests from the board, (4) the fact that others incurred additional expenses because of his neglect, and (5) the fact he had three times previously been publicly reprimanded.

In *Iowa Supreme Court Attorney Disciplinary Board v. Schumacher*, 723 N.W.2d 802 (Iowa 2006), three of the respondent's cases were involved, all of which concerned neglect and procrastination. In addition, the lawyer had failed to respond to numerous inquiries by the board. We suspended her license indefinitely, with no possibility of reinstatement for six months. In *Iowa Supreme Court Board of Professional Ethics & Conduct v. Jay*, 606 N.W.2d 1 (Iowa 2000), the attorney had neglected client matters in several estates, accepted fees prior to obtaining court authorization, and misrepresented the status of the estate to the court. We suspended this attorney's license for a minimum of one year. In *Iowa Supreme Court Board of Professional Ethics & Conduct v. Hovda*, 578 N.W.2d 673 (Iowa 1998), the attorney had neglected seventeen probate cases and failed to respond to notices of delinquency by the clerk's office and offers of assistance from experienced probate lawyers. We suspended the attorney's license for a

minimum of two months and ordered that, on any reinstatement, he be required to associate in all probate cases with a recognized probate lawyer. In *Iowa Supreme Court Board of Professional Ethics & Conduct v. Winkel*, 542 N.W.2d 252 (Iowa 1996), the attorney neglected fifteen probate matters and failed to respond to delinquency notices by the clerk and inquiries from the board. We suspended his license for a minimum of six months and ordered that, on any application for reinstatement, the attorney show proof of a plan to handle all future probate matters expeditiously or to show that he had associated with qualified probate counsel. In *Committee on Professional Ethics & Conduct v. Batschelet*, 402 N.W.2d 429 (Iowa 1987), the attorney neglected twenty-one probate matters and failed to respond to the board's notices of investigation. We suspended his license for a minimum of six months.

We believe in view of all of the circumstances of this case, including the extent of the respondent's neglect in the probate matters, the respondent's receipt of fees in five estates prior to court authorization, his failure to cooperate with the judge and another attorney in concluding the estate matters, the fact he had caused parties to incur expenses in dealing with his neglect, and the fact that he had previously been publicly reprimanded all support the commission's recommendation—suspension for a minimum of one year with conditions for reinstatement.

Accordingly, we suspend this respondent's license indefinitely with no possibility of reinstatement for a period of twelve months from the filing of this opinion. This suspension shall apply to all facets of the practice of law as provided in Iowa Court Rule 35.12(3) and requires notification of clients as outlined in Iowa Court Rule 35.21. Upon application for reinstatement, the respondent shall have the burden to establish that he has not practiced law during the period of suspension, that he meets all requirements of Iowa

Court Rule 35.13, and that he has paid the costs of this proceeding. Any costs incurred in connection with the resolution of the underlying probate matters in the district court shall be paid. Several expenses were incurred in completing the probate matters that had been neglected by the respondent. Those expenses included fees and advanced costs by Randy DeGeest for his work as successor executor of one of the estates, expenses incurred by attorney John N. Wehr for his work on the same estate, and expenses incurred by attorney Greg Life for his work as guardian ad litem in a number of the cases. It is not possible under the existing record to tell whether any of these expenses have been paid, nor is it certain that this is even a complete list of the expenses incurred. Therefore, prior to any order reinstating the respondent, he shall certify to this court that he has paid all costs incident to the completion of the work, as set out above, and any other expenses that we have not specifically identified.

In addition, if he is reinstated, the respondent shall not engage in probate matters pending further order of this court unless he associates with an experienced lawyer approved by the chief judge of the Eighth Judicial District.

**LICENSE SUSPENDED.**

All justices concur except Streit, J., who takes no part.

This opinion shall be published.