# IN THE SUPREME COURT OF IOWA

No. 13–1331

Filed December 20, 2013

**IOWA SUPREME COURT ATTORNEY DISCIPLINARY BOARD,**

Complainant,

vs.

**DAVID ALAN LEMANSKI,**

Respondent.

On review of the report of the Grievance Commission of the Supreme Court of Iowa.

Grievance commission reports that respondent committed ethical misconduct and recommends a suspension. **LICENSE SUSPENDED.**

Charles L. Harrington and David J. Grace, Des Moines, for complainant.

David A. Lemanski, Dubuque, pro se.

**CADY, Chief Justice.**

The Iowa Supreme Court Attorney Disciplinary Board charged David A. Lemanski with numerous violations of the Iowa Rules of Professional Conduct based primarily on his lack of diligence in representing a client and his failure to respond to Board inquiries. The Grievance Commission of the Supreme Court of Iowa found Lemanski violated the rules of professional conduct and recommended he be suspended from the practice of law for a period of six months. On our review, we find Lemanski violated the rules of professional conduct and impose a suspension of sixty days.

## I. Background Facts.

David A. Lemanski was admitted to practice law in Iowa in 1979. He is sixty-two years old and maintains a law office in Dubuque as a sole practitioner. Lemanski has been admonished by the Board on two prior occasions, and his license to practice law was briefly suspended on one occasion. He was admonished for neglect of a client matter in 1997 and for lack of diligence in an estate matter in 2007. His license was suspended for thirty days in 2000 for neglect, failure to promptly disburse settlement funds, and failure to respond to Board inquiries.

The circumstances responsible for the charges brought by the Board in this case are strikingly similar to those that resulted in the 2000 suspension. In this case, Lemanski settled a personal injury claim for a client in June 2011. He received the settlement proceeds the following month, but was required to resolve a Medicare subrogation claim before disbursing the settlement proceeds to his client. Lemanski submitted the information requested by the subrogation contractor to resolve the subrogation interest. He used the appropriate form provided to him by the contractor to submit the information. The contractor,

however, delayed taking action, and Lemanski subsequently experienced difficulties in contacting the contractor. At the same time, Lemanski admittedly failed to keep his client informed of the process. Eventually, this conduct caused the client to file a complaint with the Board.

In December 2012, after the Board received the complaint, Lemanski resolved the subrogation matter and disbursed the settlement funds. Yet, when the Board contacted Lemanski and requested a response to the complaint, Lemanski failed to respond. After this conduct persisted, the Board filed the complaint that serves as the basis for this action. The Board charged Lemanski with failure to act with diligence in representing a client in violation of rule 32:1.3, failure to communicate with a client in violation of rule 32:1.4, failure to properly deliver funds to a client in violation of rule 32:1.15, and failure to respond to a demand for information from the Board in violation of rule 32:8.1(b). The commission found Lemanski violated the rules and recommended he be suspended from the practice of law for six months.

## II. Scope of Review.

We review attorney disciplinary matters de novo. *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Bernard*, 653 N.W.2d 373, 375 (Iowa 2002).

## III. Violations.

On our de novo review of the record, we conclude by a convincing preponderance of the evidence that Lemanski violated the rules of professional conduct. However, we find the Board only established that Lemanski violated rules 32:1.4 and 32:8.1(b). Lemanski admitted he failed to keep his client reasonably informed about the progress of the subrogation matter. *See* Iowa R. Prof'l Conduct 32:1.4(a)(3). He also

acknowledged that he failed to respond to Board inquiries. *See id.* r. 32:8.1(b).

However, the only evidence in the record to show that Lemanski failed to act with reasonable diligence in resolving the subrogation issue was evidence that it took him nearly eighteen months to complete the task. While this time period seems inordinately long, Lemanski explained the difficulties he encountered in his attempts to deal with the contractor. These difficulties were exacerbated by the inability of the contractor to locate the records following a move of their offices from Detroit, Michigan, to Oklahoma City, Oklahoma. The Board made no finding Lemanski was not credible, and there was some evidence in the record that other attorneys have experienced problems and delays in dealing with Medicare subrogation contractors. Additionally, we conclude there was insufficient evidence that Lemanski failed to properly deliver funds to a client under rule 32:1.15(d). Lemanski did not know the amount of the settlement proceeds that his client was "entitled to receive" until the subrogation issue was resolved. *See id.* r. 32:1:15(d).

## IV. Discipline.

In determining the proper sanction to impose, we recognize that conduct falling under the umbrella of neglect and lack of diligence normally supports a sanction that falls between a public reprimand and a suspension up to six months. *See Iowa Supreme Ct. Att'y Disciplinary Bd. v. Earley*, 729 N.W.2d 437, 443 (Iowa 2007). Further, neglect compounded with other misconduct generally moves the sanction towards the higher range. *See, e.g., Iowa Supreme Ct. Att'y Disciplinary Bd. v. Casey*, 761 N.W.2d 53, 61–62 (Iowa 2009) (suspending lawyer's license for three months for neglect, misrepresentations, and prematurely taking probate fees); *Iowa Supreme Ct. Att'y Disciplinary Bd.*

*v. Humphrey*, 738 N.W.2d 617, 620–21 (Iowa 2007) (suspending lawyer's license for six months for severe neglect of six estates, failure to respond to notices by the board, and making misrepresentations); *Iowa Supreme Ct. Att'y Disciplinary Bd. v. Tompkins*, 733 N.W.2d 661, 670 (Iowa 2007) (publically reprimanding attorney for neglect and failure to respond to the board's notices); *Iowa Supreme Ct. Att'y Disciplinary Bd. v. Frerichs*, 718 N.W.2d 763, 768 (Iowa 2006) (suspending lawyer's license for three months for misrepresentation, failure to respond to the board's inquiries, and a single act of neglect). However, a public reprimand has been imposed for neglect even with a prior history of neglect and failure to respond to Board inquiries. *See Tompkins*, 733 N.W.2d at 670. Nevertheless, each case rests on its own unique facts and circumstances. *Iowa Supreme Ct. Disciplinary Bd. v. Kallsen*, 814 N.W.2d 233, 239 (Iowa 2012). In determining where this case falls, we primarily focus on Lemanski's history of client neglect, including the specific history of conduct similar to the conduct that occurred in this case. *See Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Lemanski*, 606 N.W.2d 11, 13–14 (Iowa 2000). Unlike *Tompkins*, this history regrettably reveals the prior suspension of thirty days has been insufficient to deter Lemanski and to protect the public. The uncaring attitude exhibited by Lemanski towards his client in this case has also again been visited on the Board. Accordingly, we conclude Lemanski should be suspended from the practice of law for sixty days. *See* Iowa Ct. R. 35.13(2).

### V. Conclusion.

We suspend David A. Lemanski from the practice of law in Iowa for a period of sixty days from the filing of this opinion, and his license shall be reinstated on the day after the suspension period has expired, subject to any applicable exception under Iowa Court Rule 35.13(2). This

suspension shall apply to all facets of the practice of law. *Id.* r. 35.13(3). Costs are taxed to Lemanski pursuant to Iowa Court Rule 35.27(1).

**LICENSE SUSPENDED.**