**COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF THE IOWA STATE BAR ASSOCIATION, Complainant,**

v.

**Daniel J. McDERMOTT, Respondent.**

No. 87–142.

Supreme Court of Iowa.

May 13, 1987.

James E. Gritzner, Des Moines, and Norman G. Bastemeyer, Des Moines, for complainant.

Nick Critelli, Des Moines, for respondent.

Considered by McGIVERIN, P.J., and LARSON, CARTER, WOLLE, and LAVORATO, JJ.

LARSON, Justice.

On our de novo review of this lawyer disciplinary case, we agree with the findings of the grievance commission that the respondent, Daniel J. McDermott, failed to file his state and federal income tax returns for 1981, 1982, 1983 and 1984 and that he falsely stated his compliances with the tax filing requirements in his annual Combined Statement and Questionnaire to the Client Security and Disciplinary Commission in 1983, 1984 and 1985. The respondent does not challenge these findings of the commission.

We also agree with the commission that the respondent violated these provisions of

the Iowa Code of Professional Responsibility: DR 1–102(A)(1) (violating disciplinary rule); DR 1–102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation); DR 1–102(A)(5) (conduct prejudicial to administration of justice); and DR 1–102(A)(6) (conduct adversely reflecting on fitness to practice law).

■■■ The commission recommended a fifteen-month suspension, retroactive to April 1, 1986, the date the respondent voluntarily ceased to practice law. *See Committee on Professional Ethics & Conduct v. Lemon*, 237 N.W.2d 824, 826 (Iowa 1976) (period of suspension ordered to begin as of date respondent voluntarily ceased practice). We agree that the respondent's license should be suspended in this case, but we do not agree that it should commence as of the date of his voluntary cessation of practice, even though in some cases we have given credit for the time an attorney has been actually suspended under a temporary order by this court. For purposes of retroactive commencement of a suspension, we do not equate a voluntary cessation of practice with a temporary suspension.

Under our present rules, an attorney formally suspended by this court is required to take certain steps to assure his complete disengagement from all pending matters, Iowa Sup.Ct.R. 118.18, and to file proof of his compliance with those requirements within thirty days. Iowa Sup.Ct.R. 118.-18(g). In the case of a voluntary cessation of practice, there is no such procedure for verification and therefore no means of determining that the discontinuation of practice was complete and continuous. Treating a voluntary cessation in the same way as a suspension could lead to future problems regarding whether the attorney has in fact ceased to practice.

We order that the respondent's license to practice law shall be suspended indefinitely with no possibility of reinstatement for a period of fifteen months from the filing of this opinion. This suspension shall apply to all facets of the practice of law. *See* Iowa Sup.Ct.R. 118.12.

Upon any application for reinstatement, the respondent must establish that he has not practiced law during the period of his suspension and that he has in all other ways complied with the requirements of our rules pertaining to suspended attorneys.

LICENSE SUSPENDED.