Iowa **SUPREME COURT BOARD OF PROFESSIONAL ETHICS AND CONDUCT, Complainant,**

v.

**Stephen William RUTH, Respondent.**

No. 01–0928.

Supreme Court of Iowa.

Nov. 15, 2001.

---

* Senior Judge assigned by order pursuant to Iowa Code section 602.9206 (2001).

Norman G. Bastemeyer and Charles L. Harrington, Des Moines, for complainant.

Gary M. Lane, Davenport, for respondent.

CADY, Justice.

This disciplinary action is before us on a report by a division of the Iowa Supreme Court Grievance Commission. The Commission found Stephen Ruth violated the Iowa Code of Professional Responsibility based on his criminal convictions for operating while intoxicated, third offense, and domestic abuse assault causing injury. The Commission recommended a six-month suspension. On our review, we find Ruth violated the Code of Professional Responsibility and suspend his license to practice law indefinitely with no possibility of reinstatement for six months.

## I. Background Facts and Proceedings.

Stephen Ruth was admitted to practice law in Iowa in 1976. He has practiced in Davenport and currently offices out of his home in Bettendorf, Iowa. In recent years, he has primarily worked in the areas of real estate, probate, and tax. He has been a sole practitioner since 1987. He is married and has a child in elementary school.

Ruth is an alcoholic. He has a long history of alcohol abuse. He was convicted of operating while intoxicated (OWI) in 1996 and 1997. By 1998, he was excessively consuming alcoholic beverages on a daily basis. He had become noticeably unhealthy in his appearance and was incoherent on occasions. In 1999, he was convicted of domestic abuse assault causing injury after he struck his wife in the eye with his fist. The incident occurred in their home and Ruth was intoxicated at the time. In April 2000, he was again arrested for OWI. This arrest resulted in a felony conviction in July 2000 for third-offense OWI.

Although Ruth had unsuccessfully sought treatment for his alcohol abuse on numerous occasions in the past, he stopped drinking alcohol following his last OWI arrest. He successfully completed inpatient treatment, attends Alcoholics Anonymous meetings several times each week, and has been involved in a group aftercare program. He has regained a normal physical appearance and appears committed to maintaining his sobriety. He continues to reside with his wife and child.

Ruth began to limit his legal practice a couple years ago, and is currently representing only a few clients. He also maintains full-time employment at a grocery store in Bettendorf.

Despite the seriousness and longevity of Ruth's problems, there was no evidence produced at the hearing that his criminal convictions visited any adverse consequences on his clients. Ruth generally has maintained a good reputation as a lawyer, and is known to be knowledgeable in the law and ethical in his practice.

Following a hearing on April 7, 2001, the Commission found the conviction for domestic abuse assault causing injury in violation of Iowa Code section 708.2A(2)(b) (1999) violated DR 1–102(A)(3) ("illegal conduct involving moral turpitude") and DR 1–102(A)(6) (conduct which reflects adversely on fitness to practice law). It further found the conviction for OWI third offense in violation of Iowa Code section 321J.2(2)(c) also violated DR 1–102(A)(6). It recommended Ruth be suspended from the practice of law for six months. In mitigation, the Commission found Ruth acknowledged his problems, voluntarily reduced his law practice, has been committed to maintaining his sobriety, and is continuing to rebuild his marriage and professional life. Ruth has also been cooperative with the Commission throughout these proceedings. He has not been previously disciplined.

## II. Scope of Review.

Our review is de novo. *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Mulford*, 625 N.W.2d 672, 679 (Iowa 2001). While "we are not bound by the Commission's findings, we give them weight, particularly when considering the credibility of witnesses." *Id.* We also consider the discipline recommended by the Commission, but are not bound by the recommendation. *Id.* The burden is on the Board of Professional Ethics and Conduct to prove the violations by a "convincing preponderance of the evidence." *Id.* (citation omitted).

## III. Ethical Violations.

Domestic abuse assault is a "morally reprehensible crime" which violates DR 1–102(A)(3). *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Polson*, 569 N.W.2d 612, 613 (Iowa 1997). A criminal conviction for assault also adversely reflects on the fitness of a lawyer to practice law in violation of DR 1–102(A)(6). *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Thompson*, 595 N.W.2d 132, 133–34 (Iowa 1999). Similarly, a felony OWI conviction also reflects adversely on a lawyer's fitness to practice law. *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Marcucci*, 543 N.W.2d 879, 882 (Iowa 1996). We agree with the Commission that Ruth violated ethical provisions DR 1–102(A)(3) and DR 1–102(A)(6).

## IV. Discipline.

In determining the appropriate discipline, we consider "the nature of the alleged violations, the need for deterrence, protection of the public, maintenance of the reputation of the [bar] as a whole, and the respondent's fitness to continue in the

practice of law." *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Freeman,* 603 N.W.2d 600, 603 (Iowa 1999) (quoting *Comm. on Prof'l Ethics & Conduct v. Havercamp,* 442 N.W.2d 67, 69 (Iowa 1989)). We also consider any aggravating or mitigating circumstances. *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Mears,* 569 N.W.2d 132, 134 (Iowa 1997).

■ We are presented in this case with two separate ethical violations. Both warrant suspension. In *Marcucci,* we emphasized that a felony conviction for OWI provided grounds for either revocation or suspension. *Marcucci,* 543 N.W.2d at 882 (imposing a six-month suspension). Similarly, we have imposed a suspension as a sanction for domestic abuse. *See Polson,* 569 N.W.2d at 613–14 (domestic abuse assault causing injury and contempt convictions warranted two-year suspension); *Comm. on Prof'l Ethics & Conduct v. Nadler,* 445 N.W.2d 358, 359–62 (Iowa 1989) (imposed one-year suspension for conviction for assault causing injury to mother-in-law's housekeeper, delinquent probate matters, lack of cooperation with Commission, and breach of client's trust); *Comm. on Prof'l Ethics & Conduct v. Patterson,* 369 N.W.2d 798, 801 (Iowa 1985) (three-month suspension imposed for two-hour assault on dissolution client with whom romantically involved); *see also ABA/BNA Lawyers' Manual on Professional Conduct* 01:827–828 (1992) (Standard 5.12 of the Standards for Imposing Lawyer Sanctions provides suspension appropriate when lawyer engages in criminal conduct less serious than that warranting disbarment under Standard 5.11); *Attorney Grievance Comm'n v. Painter,* 356 Md. 293, 304–05, 739 A.2d 24, 30–31 (1999) (suspension is the typical sanction imposed by courts in most disciplinary actions involving domestic violence).

■ In mitigation of sanctions in this case, we consider that Ruth has made great strides in his battle with alcoholism. He has also completed a batterer's program and his wife is supportive of him in his recovery. Ruth has further voluntarily reduced the number of clients he represents and is primarily working outside the legal profession. However, this voluntary reduction in his legal practice to a handful of clients has little impact on the imposition of the discipline or the length of any suspension. The voluntary cessation of the practice of law is not considered a credit against any suspension subsequently imposed. *See Comm. on Prof'l Ethics & Conduct v. McDermott,* 405 N.W.2d 824, 825 (Iowa 1987).

Considering all of the circumstances in this case, we suspend Ruth's license to practice law indefinitely with no possibility of reinstatement for six months. This suspension applies to all facets of the practice of law. Ct. R. 118.12. Upon any application for reinstatement, Ruth shall be required to establish that he has not practiced law during the period of suspension and that he has in all other ways complied with the requirements of Court Rule 118.18. The costs of this action shall be taxed to Ruth pursuant to Court Rule 118.22.

**LICENSE SUSPENDED.**

All justices concur except NEUMAN, J., who dissents.

NEUMAN, Justice (dissenting).

For the reasons stated in my dissent in *Marcucci,* 543 N.W.2d at 884, I cannot join the court's decision. Although I applaud Mr. Ruth's return to sobriety, I remain convinced that a lawyer who commits a felony has forfeited the right to practice law.