# IN THE SUPREME COURT OF IOWA

No. 113 / 06-1145

Filed November 17, 2006

**IOWA SUPREME COURT ATTORNEY DISCIPLINARY BOARD**,

　　Complainant,

vs.

**EDWARD M. CONRAD**,

　　Respondent.

On review of the report of the Grievance Commission.

On review of findings and recommendations of Grievance Commission. **LICENSE SUSPENDED.**

Charles L. Harrington and Laura M. Roan, Des Moines, for complainant.

Edward M. Conrad, Sigourney, pro se.

**LARSON, Justice.**

Edward Conrad, an attorney from Sigourney, was cited by the Iowa Supreme Court Attorney Disciplinary Board with violations of several disciplinary rules. Our Grievance Commission found, based largely on stipulated facts, that Conrad had failed to render an accounting to a client as requested and failed to respond to the board's notices of his client's ethical complaint. The commission recommended a public reprimand, but we conclude he should be suspended for one month.

## I. *Review.*

In attorney disciplinary matters, our scope of review is well established:

> Where "no appeal is taken or application for permission to appeal is filed . . . [we] proceed to review de novo the record made before the commission and determine the matter without oral argument or further notice to the parties." "We give respectful consideration to the Grievance Commission's findings and recommendations, but are not bound by them."

> The Board must prove attorney misconduct by a convincing preponderance of the evidence. This burden is less than proof beyond a reasonable doubt, but more than the preponderance standard required in the usual civil case. Once misconduct is proven, we "may impose a lesser or greater sanction than the discipline recommended by the grievance commission."

*Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Letts*, 674 N.W.2d 139, 142 (Iowa 2004) (citations omitted).

## II. *Facts.*

The parties' stipulation of facts shows the following: Conrad has been a licensed lawyer in Iowa since 1989. On April 1, 2004, he was employed by Shane Williams to petition for modification of a dissolution decree. Conrad received an advance fee of $1000, which he deposited in his trust account. When Williams became dissatisfied with the respondent's services,

he requested an accounting on two occasions. Conrad failed to provide the accounting until after this complaint was filed on December 7, 2004.

On December 17, 2004, the board sent a notice of William's complaint and asked for the respondent's reply. The respondent received the notice on December 22, 2004, but did not respond. On January 13, 2005, the board sent a second notice to Conrad. This notice advised him that, pursuant to court rules, the respondent must respond within ten days or the board could file a complaint with the Grievance Commission. The respondent acknowledged receipt of this letter on January 31, 2005, but still did not respond.

### III.  *The Violations Charged.*

The parties stipulated that the respondent violated the following disciplinary rules:  DR 1—102(A)(1) (a lawyer shall not violate a disciplinary rule); DR 1—102(A)(5) (a lawyer shall not engage in conduct that is prejudicial to the administration of justice); DR 1—102(A)(6) (a lawyer shall not engage in any other conduct that adversely reflects on the lawyer's fitness to practice law); DR 9—102(B)(3) (a lawyer shall render an accounting to his client).

### IV.  *Sanction.*

The parties did not stipulate as to the sanction to be imposed. The board argues that a thirty-day suspension is warranted, based on the respondent's failure to render an accounting to his client and his failure to cooperate in the board's investigation, together with a public reprimand in 2005 (based on a similar pattern of conduct—neglect of a probate matter and failure to cooperate with the disciplinary process).

The respondent, on the other hand, points out that his client was not damaged by his ethical lapses, and he enjoys substantial respect among the local bench and bar. He noted that one judge observed that the respondent

had "learned his lesson." The respondent argues that another public reprimand is the appropriate sanction. In similar cases involving neglect of legal matters combined with failure to respond to board notices, we have imposed sanctions ranging from a public reprimand to fairly lengthy suspensions. For example, in *Iowa Supreme Court Board of Professional Ethics & Conduct v. Daggett*, 653 N.W.2d 377 (Iowa 2002), the lawyer failed to comply with appellate deadlines, misstated facts to a trial court, failed to respond to a trial court's order, and failed to respond to inquiries by the board. He was sanctioned with a sixty-day suspension. In *Iowa Supreme Court Board of Professional Ethics & Conduct v. Scieszinski*, 599 N.W.2d 472 (Iowa 1999), the attorney was found to have failed to file annual reports in probate proceedings, failed to respond to district court notices of delinquency, and failed to respond to the board's notices. We ordered a public reprimand. In *Iowa Supreme Court Board of Professional Ethics & Conduct v. Lemanski*, 606 N.W.2d 11 (Iowa 2000), we held that an attorney's neglect of his client's case, failing to disburse an account for client funds, and failing to cooperate in the disciplinary investigation warranted a one-month suspension. In *Iowa Supreme Court Board of Professional Ethics & Conduct v. Sprole*, 596 N.W.2d 64 (Iowa 1999), we held that an attorney's neglect of clients' matters warranted a suspension for two months. In *Iowa Supreme Court Board of Professional Ethics & Conduct v. Scheetz*, 568 N.W.2d 663 (Iowa 1997), an attorney's neglect of a client's interests and failure to cooperate with the board's investigation warranted a public reprimand. In the recent case of *Iowa Supreme Court Board of Professional Ethics & Conduct v. Ireland*, ___ N.W.2d ___ (Iowa 2006), the respondent had neglected two legal matters, resulting in financial loss to a client, and had previously received a private admonition and a public reprimand, both based on neglect of clients' cases. However, unlike the present case, the

respondent had not ignored notices from the board. We imposed a minimum suspension of three months. *Ireland*, ___ N.W.2d at ___.

Upon consideration of the range of sanctions imposed in our prior cases, we conclude that this respondent's license should be suspended for a minimum of one month. We reach that conclusion because of Conrad's pattern of client neglect and failure to cooperate with the board as evidenced by this case and the case leading to his prior reprimand.

We order that this respondent's license to practice law be suspended for a period of thirty days. We will reinstate the respondent's license to practice law upon the expiration of the thirty-day suspension, subject to the limitations of Iowa Court Rule 35.12(2). The costs of this action are assessed against the respondent in accordance with Iowa Court Rule 35.25. Automatic reinstatement shall not be ordered until all costs have been paid.

**LICENSE SUSPENDED.**