# IN THE SUPREME COURT OF IOWA

No. 09–0765

Filed October 23, 2009

**IOWA SUPREME COURT ATTORNEY DISCIPLINARY BOARD,**

Complainant,

vs.

**JEFFREY MARK JOHNSON,**

Respondent.

On review of the report of the grievance commission.

Grievance commission recommends attorney's license be suspended for nine months. **LICENSE SUSPENDED.**

Charles L. Harrington and Wendell J. Harms, Des Moines, for complainant.

Jeffrey M. Johnson, Davenport, pro se.

**PER CURIAM.**

This matter comes before us on the report of a division of the Grievance Commission of the Supreme Court of Iowa. *See* Iowa Ct. R. 35.10. The Iowa Supreme Court Attorney Disciplinary Board alleged that the respondent, Jeffrey Mark Johnson, violated ethical rules as a result of his conviction of operating a motor vehicle while intoxicated (OWI), third offense, a class "D" felony. The grievance commission concluded that Johnson engaged in the alleged misconduct and recommended we suspend Johnson's license with no possibility of reinstatement for a period of not less than nine months. It also recommended that, upon application for reinstatement, Johnson provide documentation from a licensed health care professional verifying his maintenance of sobriety and fitness to practice law.

Upon our respectful consideration of the findings of fact, conclusions of law, and recommendation of the commission, we find the respondent committed the alleged ethical violations and suspend his license to practice law indefinitely with no possibility of reinstatement for six months. Upon application for reinstatement, Johnson shall provide medical documentation from a licensed heath care professional of his maintenance of sobriety and his fitness to practice law.

## I. Standard of Review.

Our review of attorney disciplinary proceedings is de novo. Iowa Ct. R. 35.10(1); *Iowa Supreme Ct. Att'y Disciplinary Bd. v. Gottschalk*, 729 N.W.2d 812, 815 (Iowa 2007); *Iowa Supreme Ct. Att'y Disciplinary Bd. v. Dull*, 713 N.W.2d 199, 201 (Iowa 2006). The commission's findings and recommendations are given respectful consideration, but we are not bound by them. *Iowa Supreme Ct. Att'y Disciplinary Bd. v. Isaacson*, 750 N.W.2d 104, 106 (Iowa 2008). The board has the burden of proving attorney

misconduct by a convincing preponderance of the evidence. *Iowa Supreme Ct. Att'y Disciplinary Bd. v. Conrad*, 723 N.W.2d 791, 792 (Iowa 2006).

> "This burden is less than proof beyond a reasonable doubt, but more than the preponderance standard required in the usual civil case. Once misconduct is proven, we 'may impose a lesser or greater sanction than the discipline recommended by the grievance commission.' "

*Id.* (quoting *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Lett*, 674 N.W.2d 139, 142 (Iowa 2004)); *accord Dull*, 713 N.W.2d at 201.

## II. Factual Background and Prior Proceedings.

Johnson has been licensed to practice law in this state since 1981. During this time, he has engaged in private practice of a general nature and has served as a magistrate for three terms.

Johnson has an acknowledged long history of alcohol abuse, including two prior OWI convictions. He has also appeared intoxicated in a public park and received a private admonition for appearing in juvenile court while intoxicated. After his second OWI offense, on April 25, 2006, Johnson signed an affidavit in which he acknowledged his conduct was prejudicial to the administration of justice in violation of the Iowa Code of Professional Responsibility for Lawyers and agreed to cooperate with the Iowa Lawyers Assistance Program, participate in Alcoholics Anonymous (AA), and comply with all criminal and traffic laws. In return, the board deferred its investigation of Johnson's conduct for one year. Eighteen months later, however, on October 12, 2007, Johnson was arrested for operating a motor vehicle while intoxicated, third offense.

Johnson pled guilty to OWI, third offense, in violation of Iowa Code section 321J.2(1)(*a*)–(*b*) (2007) and was sentenced to an indeterminate five-year term of incarceration. He was also fined and ordered to pay court costs and attorney fees.

Subsequently, the board filed this complaint against Johnson, alleging Johnson's conduct violated several provisions of the Iowa Rules of Professional Conduct.[1] In his answer, Johnson admitted the allegations of the complaint, except for a clarification that he had not practiced law since September 2005. Currently, his license is on inactive status.

On January 30, 2009, the grievance commission held a hearing. The board presented its evidence, which included the record of Johnson's felony conviction for OWI, third offense. Under Iowa Code section 602.10122, "[t]he record of [the felony] conviction is conclusive evidence" that the accused attorney committed the alleged felony.

Johnson represented himself at the hearing. He offered evidence of his efforts to reach and maintain sobriety to argue against license revocation and in support of a finding of his fitness to practice law. Johnson reported that since 2004 he has undergone extensive treatment for alcohol abuse through several different programs. He provided documentation of his attendance and participation in these treatment programs. Furthermore, he testified that he has not imbibed alcohol since October 12, 2007.

The respondent testified that he is currently on parole and lives in a structured environment that facilitates his rehabilitation. His parole and work release program require him to provide urine samples every week to two weeks, attend AA meetings three times a week, refrain from alcohol consumption, refrain from associating with felons, remain in Scott County, and report to his parole officer. His parole program continues until May 23,

---

[1]In a letter dated July 22, 2008, the board informed Johnson that, because he had successfully completed the deferral program, it had closed its investigation and would not be seeking discipline with regard to the OWI, second offense. In the same letter, however, the board reminded Johnson that the OWI, third offense, was still the subject of the current disciplinary action.

2010, subject to early release. He is currently working full time redacting documents.

Based on the evidence presented, the grievance commission determined that Johnson violated Iowa Rules of Professional Conduct 32:8.4(a) ("It is professional misconduct for a lawyer to . . . violate . . . [a] Rule[] of Professional Conduct . . . ."); 32:8.4(b) ("It is professional misconduct for a lawyer to . . . commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects[.]"); and 32:8.4(d) ("It is professional misconduct for a lawyer to . . . engage in conduct that is prejudicial to the administration of justice[.]"). The commission recommended that we suspend Johnson's license with no possibility of reinstatement for a period of not less than nine months. It also recommended that, upon application for reinstatement, Johnson provide documentation from a licensed health care professional verifying his maintenance of sobriety and fitness to practice law.

### III. Ethical Violations.

We agree the board has proven Johnson's ethical violations of rules 32:8.4(a), 32:8.4(b), and 32:8.4(d). In *Dull*, we held that a conviction of OWI, third offense, violated DR 1–102(A)(1) (now rule 32:8.4(a)), DR 1–102(A)(5) (now rule 32:8.4(d)), and DR 1–102(A)(6) (now rule 32:8.4(b)).[2] *Dull*, 713 N.W.2d at 204; *see also Iowa Supreme Ct. Att'y Disciplinary Bd. v. Weaver*, 750 N.W.2d 71, 79 (Iowa 2008) (holding conviction of OWI constituted conduct reflecting poorly on fitness to practice law); *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Ruth*, 636 N.W.2d 86, 88 (Iowa 2001) (same); *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Marcucci*, 543 N.W.2d 879, 881 (Iowa 1996) (same). The fact that Johnson was not practicing law at the time

---

[2]The Iowa Rules of Professional Conduct became effective on July 1, 2005, replacing the Iowa Code of Professional Responsibility for Lawyers.

of his offense does not require a different conclusion as to whether he engaged in misconduct. We have held: "It makes no difference that respondent was not acting as a lawyer at the time of his misconduct. Lawyers do not shed their professional responsibility in their personal lives." *Comm. on Prof'l Ethics & Conduct v. Millen*, 357 N.W.2d 313, 315 (Iowa 1984).

### IV. Sanction.

There is no standard sanction for a particular type of misconduct, and though prior cases can be instructive, we ultimately determine an appropriate sanction based on the particular circumstances of each case. *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Plumb*, 589 N.W.2d 746, 748–49 (Iowa 1999); *accord Dull*, 713 N.W.2d at 206.

> In determining the appropriate discipline, we consider "the nature of the alleged violations, the need for deterrence, protection of the public, maintenance of the reputation of the [bar] as a whole, and the respondent's fitness to continue in the practice of law," [as well as] any aggravating and mitigating circumstances.

*Ruth*, 636 N.W.2d at 88 (quoting *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Freeman*, 603 N.W.2d 600, 603 (Iowa 1999)). The form and extent of the sanction " 'must be tailored to the specific facts and circumstances of each individual case.' " *Iowa Supreme Ct. Att'y Disciplinary Bd. v. Marks*, 759 N.W.2d 328, 332 (Iowa 2009) (quoting *Comm. on Prof'l Ethics & Conduct v. Rogers*, 313 N.W.2d 535, 537 (Iowa 1981)). Significant distinguishing factors in the imposition of punishment center on " 'the existence of multiple instances of neglect, past disciplinary problems, and other companion violations.' " *Id.* (quoting *Iowa Supreme Ct. Att'y Disciplinary Bd. v. Lesyshen*, 712 N.W.2d 101, 106 (Iowa 2006)).

Under Iowa Court Rule 35.10(2), we "may revoke or suspend the license of an attorney admitted to practice in Iowa upon . . . conviction of a felony." Similarly, under Iowa Code section 602.10122, an attorney's license

may be revoked or suspended "[w]hen the attorney has been convicted of a felony." We have specifically held that conviction for OWI, third offense, is ground for revocation or suspension. *Marcucci*, 543 N.W.2d at 882. Based upon the specific facts and our prior case law, we conclude suspension, not revocation, is warranted in this case.

The underlying facts presented here are very similar to those found in *Marcucci*. Like Johnson, Marcucci was convicted of operating a motor vehicle while under the influence, third offense. *Id.* at 880. In determining the appropriate sanction, we noted Marcucci's rehabilitative efforts and the fact that no clients had been hurt by the attorney's misconduct as factors supporting a more lenient sanction. *Id.* at 881–83. We rejected, however, the sufficiency of a public reprimand, noting the seriousness of the underlying offense and its reflection on an attorney's fitness to practice law. *Id.* at 882; *see also Comm. on Prof'l Ethics & Conduct v. Tompkins*, 415 N.W.2d 620, 624 (Iowa 1987) ("We might ask ourselves how the public can have confidence in our system of justice if we overlook or minimize *knowing* and *willful* criminal conduct."). Based upon these facts, we held a six-month suspension was warranted. *Marcucci*, 543 N.W.2d at 883.

Similarly, here, there was no evidence presented that indicated Johnson neglected or injured any of his clients by his drinking. In addition, he has fully cooperated with the board in this and other disciplinary proceedings. *See Ruth*, 636 N.W.2d at 88 (considering attorney's cooperation with the commission in the determination of the appropriate sanction). In addition, Johnson is in full compliance with his parole and work release conditions and is actively attempting to control his alcoholism. *Id.* at 88–89 (considering attorney's efforts to sustain sobriety as mitigation in assessing sanctions).

We note, however, that a prior private admonition was given to Johnson in 2005 for appearing at a court hearing while under the influence. Our prior case law makes such a private admonition an aggravating circumstance. *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Lemanski*, 606 N.W.2d 11, 14 (Iowa 2000).

Based upon these facts and considering similar prior cases, we conclude a six-month suspension, rather than the nine-month suspension recommended by the commission, is warranted. *Cf. Ruth*, 636 N.W.2d at 89 (suspending attorney's license for six months as a result of two criminal convictions—domestic abuse assault causing injury and OWI, third offense—after noting attorney's diligent efforts at rehabilitation with regard to both convictions); *Marcucci*, 543 N.W.2d at 881–83 (six-month suspension warranted when no harm to clients and attorney's rehabilitative efforts were significant), *with Dull*, 713 N.W.2d at 205–08 (attorney's acts, including appearing in court intoxicated; conviction of OWI, third offense; harmfully neglecting clients' cases; and failing to respond to the board's inquiries, warranted two-year license suspension). We agree, however, that Johnson, upon applying for reinstatement, should be required to establish his fitness to practice law through medical documentation. We have a well-established history of imposing such conditions. *See Iowa Supreme Ct. Att'y Disciplinary Bd. v. Curtis*, 749 N.W.2d 694, 703–04 (Iowa 2008) (conditions imposed regarding depression and attention deficit disorder); *Iowa Supreme Ct. Att'y Disciplinary Bd. v. McCarthy*, 722 N.W.2d 199, 205–06 (Iowa 2006) (conditions imposed with regard to depression); *Dull*, 713 N.W.2d at 207–08 (conditions imposed with regard to alcoholism); *Iowa Supreme Ct. Att'y Disciplinary Bd. v. McCann*, 712 N.W.2d 89, 96–97 (Iowa 2006) (conditions imposed with regard to depression and anxiety). Therefore, upon application for reinstatement, Johnson shall provide documentation from a licensed

health care professional regarding the maintenance of his sobriety and fitness to practice law.

## V. Conclusion.

We suspend Johnson's license to practice law indefinitely with no possibility of reinstatement for six months from the date of the filing of this opinion. This suspension shall apply to all facets of the practice of law. Iowa Ct. R. 35.12(3). Upon any application for reinstatement, Johnson shall have the burden to show he has not practiced law during the period of suspension and that he meets the requirements of Iowa Court Rule 35.13. He shall also provide medical documentation from a licensed health care professional regarding the maintenance of his sobriety and his fitness to practice law. Johnson shall provide all of the notifications required by Iowa Court Rule 35.22. Costs are taxed to Johnson pursuant to Iowa Court Rule 35.26(1).

**LICENSE SUSPENDED.**

This opinion shall be published.