# IN THE SUPREME COURT OF IOWA

No. 10–0521

Filed November 24, 2010

**IOWA SUPREME COURT ATTORNEY
DISCIPLINARY BOARD,**

Complainant,

vs.

**JAMES ROBERT AXT,**

Respondent.

On review of the report of the Grievance Commission of the Supreme Court of Iowa.

Grievance commission recommends revocation of attorney's license to practice. **LICENSE SUSPENDED.**

Charles L. Harrington and David J. Grace, Des Moines, for complainant.

John R. Becker, Dubuque, for respondent.

**HECHT, Justice.**

The Iowa Supreme Court Attorney Disciplinary Board filed a complaint alleging the respondent, James Axt, breached ethical rules by committing domestic abuse and defying a related no-contact order. The grievance commission found Axt's conduct violated certain provisions of the Iowa Rules of Professional Conduct and recommended revocation of Axt's law license. Having respectfully considered the findings of fact, conclusions of law, and recommendation of the commission, we find Axt committed ethical violations and conclude his license to practice law should be suspended for two years.

## I. Background Facts and Proceedings.

Axt graduated from law school in 1978. After completing a master's degree in public administration in 1979, he entered the private practice of law and served as a part-time magistrate. Turning to the public sector in 1984, he worked as an attorney for the Iowa Commissioner of Labor for two years. Axt was subsequently employed for one year as the regional counsel for a farm credit association and for thirteen years as an administrative law judge. He resumed the private practice of law in Chariton and operated a small farm from 2000 to 2003.

Alcohol and depression have been chronic problems for Axt. He was hospitalized for depression in 1983 and 1987. In September of 1997, Axt committed domestic abuse assault against his wife and resisted arrest while intoxicated. Following his conviction for those offenses, Axt was admonished by the board. He was admonished a second time in 2001 for an intemperate outburst and use of profanity.

Axt's alcoholism led to further problems with the law. He was convicted for operating a motor vehicle while under the influence of alcohol in December of 2001. While on probation for that conviction, Axt

was charged with assault on a police officer and interference with official acts. Continuing problems with alcohol abuse resulted in the first temporary disability-related suspension of his law license in 2003 and treatment for alcohol abuse and depression.

Axt temporarily maintained sobriety after treatment, and his law license was reinstated in February of 2006. However, the period of sobriety came to end when Axt and his domestic partner engaged in a drinking binge lasting two weeks in November 2008. Axt physically abused and injured his partner during that binge, and he subsequently pled guilty to domestic abuse assault with intent to inflict serious injury and received a suspended prison sentence in January 2009. This criminal conviction led to another temporary suspension of Axt's law license. *See* Iowa Ct. R. 35.14(1) (conviction of a crime that would be grounds for a suspension or revocation may result in a temporary suspension). A no-contact order barring Axt's contact with his victim for five years was made part of the sentence. When he violated the no-contact order in August 2009 by phoning the victim repeatedly from jail, Axt was charged and convicted of yet another crime.

A resident of a halfway house since the spring of 2009, Axt has been actively engaged in treatment modalities for his mental health and alcohol addiction. Weekly therapy sessions, attendance at multiple Alcoholics Anonymous meetings, and active involvement in church programs aided him in abstaining from alcohol during the six months prior to the grievance hearing held on March 12, 2010. His recovery from depression is far from complete, however, as notwithstanding a regimen of anti-depressant medication, Axt was hospitalized after a Tylenol overdose in February of this year.

The board's complaint against Axt charged violations of Iowa Rule of Professional Conduct 32:8.4.

## II. Scope of Review.

Our review of this matter is de novo. *Iowa Supreme Ct. Att'y Disciplinary Bd. v. Casey*, 761 N.W.2d 53, 55 (Iowa 2009). Although we give respectful consideration to the findings and recommendations of the commission, we are not bound by them. *Id.* It is the board's burden to prove ethical violations by a convincing preponderance of the evidence. *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Lemanski*, 606 N.W.2d 11, 13 (Iowa 2000). This court may impose a lesser or greater sanction than the one recommended by the commission. *Iowa Supreme Ct. Att'y Disciplinary Bd. v. Conrad*, 723 N.W.2d 791, 792 (Iowa 2006).

## III. Analysis.

Axt was convicted of domestic abuse assault with intent to inflict serious injury and violation of a no-contact order. We recently observed that proof of a criminal conviction will not necessarily establish an attorney's unfitness to practice law. *Iowa Supreme Ct. Att'y Disciplinary Bd. v. Templeton*, 784 N.W.2d 761, 767 (Iowa 2010). In deciding whether a criminal conviction constitutes a violation of rule 32:8.4(b), we consider

> "the lawyer's mental state; the extent to which the act demonstrates disrespect for the law or law enforcement; the presence or absence of a victim; the extent of actual or potential injury to a victim; and the presence or absence of a pattern of criminal conduct."

*Id.* (quoting *In re Conduct of White*, 815 P.2d 1257, 1265 (Or. 1991)). Axt's second conviction for domestic abuse and his repeated violations of a court order banning contact with the victim clearly demonstrate his disrespect for the law. The victim of Axt's domestic abuse sustained significant physical injuries suggesting the assaultive conduct was

egregious. We find Axt has engaged in a pattern of conduct in which, while abusing alcohol, he committed domestic abuse and violated court orders entered to protect the victim of his abuse. We conclude such conduct demonstrated disrespect of the law, showed contempt for the authority of the court, and reflected adversely on his fitness to practice law. We accordingly find Axt violated rule 32:8.4(b).

We next consider whether Axt's criminal conviction and multiple violations of a no-contact order constitute violations of rule 32:8.4(d), prohibiting conduct that is prejudicial to the administration of justice. In *Templeton*, we held "the mere act of committing a crime does not constitute a violation of this rule because the rule does not simply prohibit the doing of an act." *Id.* at 768. The rule proscribes only " 'violations of well-understood norms and conventions of practice.' " *Id.* (quoting 2 Geoffrey C. Hazard, Jr. et al., *The Law of Lawyering* § 65.6, at 65-16 (3d ed. 2009 Supp.)). We have defined conduct prejudicial to the administration of justice to be acts that hamper " 'the efficient and proper operation of the courts or of ancillary systems upon which the courts rely' " by violating the well-understood norms and conventions of the practice of law. *Id.* (quoting *Iowa Supreme Ct. Att'y Disciplinary Bd. v. Howe*, 706 N.W.2d 360, 373 (Iowa 2005)). We find the acts which formed the basis of Axt's domestic abuse conviction and his violations of the court order were based on personal conduct[1] that was unrelated to the practice of law, and therefore conclude the board failed to prove a violation of rule 32:8.4(d).

---

[1]Axt's conduct did not occur in the course of representing a client or himself.

### IV. Sanction.

We next address the appropriate sanction. In selecting the appropriate sanction for an attorney's misconduct we consider " 'the nature of the violations, protection of the public, deterrence of similar misconduct by others, the lawyer's fitness to practice, and [the court's] duty to uphold the integrity of the profession in the eyes of the public.' " *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. D'Angelo*, 619 N.W.2d 333, 338 (Iowa 2000) (alteration in original) (quoting *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Fleming*, 602 N.W.2d 340, 342 (Iowa 1999)). In this case, Axt's misconduct included violation of a criminal law and violation of a court order. Although we must tailor the appropriate sanction to the facts of this case, the dispositions ordered in prior similar cases are instructive. *Iowa Supreme Ct. Att'y Disciplinary Bd. v. Isaacson*, 750 N.W.2d 104, 109 (Iowa 2008).

The sanctions imposed against lawyers committing domestic abuse have ranged from a suspension of two months to a suspension of two years depending on the nature and extent of other misconduct proved by the board in the same case. *See Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Ruth,* 636 N.W.2d 86, 89 (Iowa 2001) (suspending attorney's license for six months for domestic abuse and OWI—third offense convictions); *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Thompson*, 595 N.W.2d 132, 135–36 (Iowa 1999) (suspending for two months the license of an attorney convicted of assault and criminal trespass); *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Polson*, 569 N.W.2d 612, 613–14 (Iowa 1997) (suspension of two years ordered for conviction of domestic abuse causing injury and thirty-one violations of a protective order); *Comm. on Prof'l Ethics & Conduct v. Patterson*, 369

N.W.2d 798, 801 (Iowa 1985) (suspending for three months the license of an attorney convicted of domestic assault resulting in injury).

Axt's misconduct extends beyond domestic abuse and includes multiple violations of a court's no-contact order. "Where there are multiple violations of our disciplinary rules, enhanced sanctions may be imposed." *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Alexander*, 574 N.W.2d 322, 327 (Iowa 1998). The appropriate sanction in this case should therefore be at the high end of the range for several reasons. First, Axt has a history of two private admonitions for misconduct which we view as an aggravating circumstance. *See Lemanski*, 606 N.W.2d at 14. As we have already noted, Axt's license was previously suspended for an extended period as a consequence of the disability associated with his alcoholism, a substantial causal factor in an earlier conviction for domestic abuse. Such prior misconduct resulting in a license suspension is an aggravating factor. *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Clauss*, 530 N.W.2d 453, 455 (Iowa 1995). Accordingly, greater discipline is required here than would be imposed for a single act of domestic abuse. *See Polson*, 569 N.W.2d at 614. Although the board has proven, and Axt has admitted, very serious misconduct, we conclude revocation is not justified at this time.

In determining the appropriate sanction for Axt's misconduct, we consider several mitigating factors. Among these factors are Axt's rehabilitative efforts in actively attempting to control his addiction to alcohol, *see Ruth*, 636 N.W.2d at 88–89 (considering attorney's efforts to sustain sobriety as a mitigating factor in assessing sanctions), and his full cooperation with the board in this and other disciplinary proceedings, *see Iowa Supreme Ct. Att'y Disciplinary Bd. v. Johnson*, 774 N.W.2d 496, 500 (Iowa 2009) (considering attorney's cooperation with the

commission in the determination of the appropriate sanction), *overruled on other grounds by Templeton*, 784 N.W.2d 761. The fact that no client was hurt by Axt's misconduct is also a mitigating factor. *Id.*

### V. Disposition.

We conclude Axt's license to practice law in this state should be suspended for a minimum of two years from the date of his temporary suspension for this misconduct on May 27, 2009. Axt shall be required to establish through medical evidence, upon any application for reinstatement of his license, his depression and chemical dependency have been treated and are under such control as to render him fit to practice law. He shall also prove compliance with the requirements of rule 35.13 as a condition of any reinstatement of his license. Costs are taxed to Axt under rule 35.26.

**LICENSE SUSPENDED.**