# IN THE SUPREME COURT OF IOWA

No. 16–1266

Filed February 17, 2017

**IOWA SUPREME COURT ATTORNEY DISCIPLINARY BOARD,**

Appellee,

vs.

**TAREK A. KHOWASSAH,**

Appellant.

Appeal from the report of the Grievance Commission of the Supreme Court of Iowa.

The grievance commission reports the appellant committed an ethical violation and recommends a one-year suspension of the attorney's license. **LICENSE SUSPENDED.**

David L. Brown and Tyler R. Smith of Hansen, McClintock & Riley, Des Moines, for appellant.

Susan A. Wendel, Des Moines, for appellee.

**CADY, Chief Justice.**

The Iowa Supreme Court Attorney Disciplinary Board charged attorney Tarek A. Khowassah with violating the rule of professional conduct pertaining to criminal acts. The Grievance Commission of the Supreme Court of Iowa found Khowassah violated the rule and recommended a one-year suspension. Upon our review, we find Khowassah violated the Iowa Rules of Professional Conduct and suspend his license to practice law in this state indefinitely with no possibility of reinstatement for a period of six months from the date of the filing of this opinion.

## I. Background Facts and Proceedings.

Tarek A. Khowassah is an Iowa attorney. He was admitted to practice law in Iowa in 2005. He has worked in private practice and for the state public defender. He has received one private admonition. His license was suspended on one occasion in the past and is currently inactive. Khowassah is presently enrolled in an LLM tax program in Colorado. He intends to resume the practice of law in Iowa in the future.

This disciplinary proceeding against Khowassah relates to his conduct in June of 2014. It resulted in a plea of guilty to public intoxication and operating a motor vehicle while intoxicated (OWI), second offense. The facts were presented by stipulation and explored in a disciplinary hearing before the grievance commission. They involved two separate incidents.

The first incident occurred in the early morning hours of June 14, 2014. Khowassah was intoxicated while in downtown Iowa City. He intervened with police officers who were engaged in an encounter with another individual, and Khowassah was arrested and charged with

interference with official acts. He pled guilty to public intoxication, a simple misdemeanor.

One week later, Iowa City police found Khowassah sleeping in the driver's seat of his vehicle while it was parked in a parking ramp with the engine running. He was intoxicated. He was arrested and charged with OWI, third offense. Khowassah pled guilty to OWI, second offense, an aggravated misdemeanor.

The Board thereafter charged Khowassah with violating Iowa Rule of Professional Conduct 32:8.4(b) for "commit[ting] a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects." Khowassah stipulated to the violation. The commission recommended the court suspend Khowassah's license to practice law for one year. It also recommended Khowassah provide medical documentation of his maintenance of sobriety and his fitness to practice law prior to reinstatement of his license.

## II. Scope of Review.

"We review attorney disciplinary matters de novo." *Iowa Supreme Ct. Att'y Disciplinary Bd. v. Pederson*, 887 N.W.2d 387, 391 (Iowa 2016); Iowa Ct. R. 36.21(1). The parties are bound by their stipulations of fact. *Pederson*, 887 N.W.2d at 391. We are not bound by their stipulations to violations. *Iowa Supreme Ct. Att'y Disciplinary Bd. v. Bartley*, 860 N.W.2d 331, 335 (Iowa 2015). We will review the record and stipulated facts to determine whether a violation occurred. *Iowa Supreme Ct. Att'y Disciplinary Bd. v. Khowassah*, 837 N.W.2d 649, 652 (Iowa 2013). The Board must prove attorney misconduct by a convincing preponderance of the evidence. *Pederson*, 887 N.W.2d at 391. If we find the Board has proven misconduct, "we may impose a greater or lesser sanction than recommended by the commission." *Iowa Supreme Ct. Att'y Disciplinary*

*Bd. v. Said*, 869 N.W.2d 185, 190 (Iowa 2015); *see also Pederson*, 887 N.W.2d at 391 ("We respectfully consider the commission's findings and recommendations, but they do not bind us." (quoting *Iowa Supreme Ct. Att'y Disciplinary Bd. v. Wheeler*, 824 N.W.2d 505, 509 (Iowa 2012))).

### III. Violations.

A lawyer engages in professional misconduct by committing a criminal act that reflects adversely on the lawyer's fitness to practice law. Iowa R. Prof'l Conduct 32:8.4(b).

> A lawyer's fitness to practice law includes "his or her moral character, suitability to act as an officer of the court, ability to maintain a professional relationship, competency in legal matters, and whether he or she can be trusted to vigorously represent clients, without overreaching."

*Wheeler*, 824 N.W.2d at 510 (quoting *Iowa Supreme Ct. Att'y Disciplinary Bd. v. Keele*, 795 N.W.2d 507, 512 (Iowa 2011)). Thus, the commission of a crime does not alone establish a violation of rule 32:8.4(b). *Id.* Instead, "[t]he nature and circumstances of the act are relevant . . . ." *Iowa Supreme Ct. Att'y Disciplinary Bd. v. Templeton*, 784 N.W.2d 761, 767 (Iowa 2010). "There must be some rational connection other than the criminality of the act between the conduct and the actor's fitness to practice law." *Id.* (quoting *In re Conduct of White*, 815 P.2d 1257, 1265 (Or. 1991) (en banc)). We consider a number of factors, including

> the lawyer's mental state; the extent to which the act demonstrates disrespect for the law or law enforcement; the presence or absence of a victim; the extent of actual or potential injury to a victim; and the presence or absence of a pattern of criminal conduct.

*Wheeler*, 824 N.W.2d at 510 (quoting *Templeton*, 784 N.W.2d at 767). "[C]onduct that diminishes 'public confidence in the legal profession'" reflects adversely on a lawyer's fitness to practice law. *Id.* (quoting *Keele*, 795 N.W.2d at 512).

Prior convictions are relevant to determining whether an attorney has engaged in a pattern of criminal conduct. *Iowa Supreme Ct. Att'y Disciplinary Bd. v. Cannon*, 821 N.W.2d 873, 879 (Iowa 2012). In this case, Khowassah was privately admonished for his first OWI conviction in 2011. He received a deferred judgment in the underlying criminal proceedings. However, in 2012, he was convicted of OWI again. This time, his license to practice law was suspended for three months. *Khowassah*, 837 N.W.2d at 658. Now, less than four months after we reinstated his license, Khowassah has violated the law on two more occasions, including his third conviction of OWI. The stipulated facts and record establish a pattern of criminal conduct that reflects adversely on Khowassah's fitness to practice law. *See Cannon*, 821 N.W.2d at 879. While his conduct has not inflicted personal injury, it demonstrates disrespect of the law, which further reflects adversely on his fitness to practice. *See Iowa Supreme Ct. Att'y Disciplinary Bd. v. Weaver*, 812 N.W.2d 4, 11–12 (Iowa 2012). Accordingly, we find Khowassah's criminal acts of public intoxication and OWI, second offense, were part of a pattern of criminal conduct related to a greater problem of alcohol abuse. His conduct constitutes a violation of rule 32:8.4(b).

**IV. Sanctions.**

There is no standard sanction for Khowassah's misconduct. *See Said*, 869 N.W.2d at 193. Instead, we must look to the particular circumstances of his case. *See Bartley*, 860 N.W.2d at 337.

> In determining what sanctions should be imposed, we consider the nature of the violations, the need for deterrence, protection of the public, maintenance of the reputation of the bar as a whole, and the attorney's fitness to continue practicing law, as well as any aggravating or mitigating circumstances.

*Id.* The commission recommended we suspend Khowassah's license to practice law for one year. Khowassah believes a thirty-day suspension would satisfy the purposes of imposing sanctions.

Khowassah's misconduct was nonviolent and occurred outside of his practice of law. However, an attorney whose alcohol abuse leads to criminal conduct, particularly repeated criminal conduct, can diminish public confidence in the legal profession even if the conduct occurs outside the attorney's professional role. *See Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Marcucci,* 543 N.W.2d 879, 881 (Iowa 1996). The appropriate sanction must be sufficient to maintain the reputation of the bar. The appropriate sanction must also be sufficient to deter others from ignoring needed treatment for substance abuse problems and to deter Khowassah from further misconduct.

Because "we strive to achieve consistency in the discipline of Iowa lawyers who violate our rules of professional conduct," our prior cases are relevant in our determination of the appropriate sanction. *Iowa Supreme Ct. Att'y Disciplinary Bd. v. Powell,* 830 N.W.2d 355, 358 (Iowa 2013). Criminal convictions for conduct similar to the conduct engaged in by Khowassah have resulted in suspensions ranging from thirty days to two years. *Cannon,* 821 N.W.2d at 876, 883 (suspending license for thirty days following convictions of operating a boat while intoxicated, first offense; possession of cocaine; and OWI, first offense); *Weaver,* 812 N.W.2d at 15 (suspending license for two years following convictions of OWI, third offense, and criminal harassment); *Iowa Supreme Ct. Att'y Disciplinary Bd. v. Johnson,* 774 N.W.2d 496, 500 (Iowa 2009) (per curiam) (suspending license for six months following conviction of OWI, third offense), *overruled on other grounds in Templeton,* 784 N.W.2d at 768–69; *Marcucci,* 543 N.W.2d at 880, 883 (same). With these cases

as guidance, Khowassah's "individual case must rest on its individual circumstances." *Powell*, 830 N.W.2d at 358.

Here, there are a number of mitigating circumstances. Khowassah testified at his hearing that he was engaged in rehabilitative efforts and is attempting to live a healthy and sober lifestyle. *See Iowa Supreme Ct. Att'y Disciplinary Bd. v. Clarity*, 838 N.W.2d 648, 661 (Iowa 2013) (noting an attorney's alcoholism can be considered in mitigation if it "contributed to the ethical misconduct" and the lawyer "undertake[s] rehabilitative efforts to control [the] addiction"). He meets individually with a therapist once a week to discuss alcohol and his personal life. He also attends group sessions twice a week at a treatment center. These efforts show he is now willing to acknowledge the problems that led to his misconduct and address his misuse of alcohol. He accepted full responsibility for his actions. He cooperated with the Board during its investigation. He has also paid his court-ordered obligations and is in compliance with the terms of his probation. He has not reoffended.

However, there are also a number of aggravating circumstances. This is not the first time Khowassah has been before this court because of alcohol-related misconduct. As we stated at that time, "Though we 'do not discipline an attorney twice for the same conduct, . . . we do consider previous disciplinary action as an aggravating factor in determining sanctions.'" *Khowassah*, 837 N.W.2d at 658 (quoting *Cannon*, 821 N.W.2d at 882 (citation omitted)). Khowassah has been put on notice twice that his conduct is not only illegal, but also unethical. Nevertheless, he continued to abuse alcohol and to disregard the laws of this state. While Khowassah has finally sought treatment, he did not initially do so. He underwent a substance abuse evaluation that recommended intensive outpatient treatment to deal with his alcohol

abuse. Instead of seeking this treatment, Khowassah chose to travel overseas for the summer. Once he returned, he started school in Colorado and waited until a month before his hearing to begin outpatient services. This was not only inadvisable from a treatment perspective, but was in violation of a court order, which required him to follow the treatment recommendations of his evaluation and timely complete a drinking-and-driving course.

Considering all relevant factors, we conclude Khowassah's conduct in this matter warrants an indefinite suspension from the practice of law with no possibility of reinstatement for a period of six months. His criminal conduct was serious, but most concerning was the overall pattern of conduct. Khowassah's repeated violations of the law reflect poorly on his judgment and could prompt disrespect and distrust of the legal profession as a whole. Thus, we agree with the commission's recommendation that he should provide medical documentation of his maintenance of sobriety and fitness to practice law as part of any future request to reinstate his license to practice. *See Weaver*, 812 N.W.2d at 16 ("When an attorney's disciplinary problems arise out of alcoholism and depression, '[w]e have a well-established history of imposing such conditions.'" (alteration in original) (quoting *Johnson*, 774 N.W.2d at 501)). Such a condition is appropriate in this case to ensure Khowassah has taken the necessary personal steps to reduce the risk of further professional misconduct.

**V. Conclusion.**

We suspend Tarek A. Khowassah's license to practice law in this state indefinitely with no possibility of reinstatement for a period of six months from the date of the filing of this opinion. This suspension shall apply to all facets of the practice of law. *See* Iowa Ct. R. 34.23(3).

Khowassah shall comply with all requirements of the court rules associated with a suspension. *See id.* rs. 34.23(1)–(4), .24(1). Upon any application for reinstatement, Khowassah shall have the burden to show he has not practiced law during the period of suspension and that he meets the requirements of Iowa Court Rule 34.25. He shall also provide medical documentation from a licensed healthcare professional regarding the maintenance of his sobriety and his fitness to practice law. The costs of this proceeding are assessed against Khowassah. *See id.* r. 36.24(1).

**LICENSE SUSPENDED.**